**MATTHEW 25 MINISTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**James P. CORCORAN, Superintendent of New York State Department of Insurance, Defendant-Appellee.**

**No. 1373, Docket 85–7230.**

United States Court of Appeals,
Second Circuit.

Submitted June 19, 1985.

Decided Aug. 15, 1985.

Migliori, Sanna & Infranco, Commack, N.Y. (Richard J. Sanna, John Marangos, John F. Clennan and Anthony Moncayo, Commack, N.Y., of counsel), for plaintiff-appellant.

Robert Abrams, Atty. Gen. of the State of N.Y., Mineola, N.Y. (Dewey Lee, Asst. Atty. Gen., Mineola, N.Y., of counsel), for defendant-appellee.

Before VAN GRAAFEILAND and PRATT, Circuit Judges, and RE, Chief

Judge, United States Court of International Trade.*

VAN GRAAFEILAND, Circuit Judge:

Matthew 25 Ministries, Inc. (Matthew) appeals from an order and judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*). The order denied Matthew's motion for a preliminary and permanent injunction; the judgment dismissed its action against the Superintendent of the New York State Department of Insurance. In substance, the district court refused to enjoin the Superintendent from enforcing an order in which he directed Matthew to cease solicitations for enrollment in its Matthew 25 Ministries trust and to cease all activity relating to the payment of benefits from the trust.

Matthew claims to be providing employee health care benefits under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, through its self-described "consortium of non-denominational Christian employers". The term "consortium" notwithstanding, the more than 150 enrollees in Matthew's trust include such disparate and unaffiliated businesses as a tree care company, a furniture store, a gasoline station, a delicatessen, a travel agency, a barbershop, a plumbing company, a bakery, and a liquor store. Following an investigation, the Superintendent concluded that Matthew was not a bona fide employer or employee organization under ERISA, but was instead an unlicensed insurance operation. He issued a cease and desist order and sought enforcement of that order in State Supreme Court. Matthew responded by bringing the instant action, in which it claimed immunity from state regulation under ERISA's preemption of state law. 29 U.S.C. § 1144(a).

■ In asserting preemption under ERISA, Matthew made no claim that an "employee organization", as that term is defined in 29 U.S.C. § 1002(4), was participating in any way in its trust. It contended simply that it is an "employer", defined by ERISA as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan", including "a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). However, before Matthew properly could claim ERISA coverage as an employer, it had to show that its trust was "established or maintained" by its individual employer members. 29 U.S.C. § 1003(a). Because it did not disclose what role, if any, its mixed-bag group of enrollees plays in the management of its trust, Matthew failed to show any entitlement to federal relief under ERISA. *See Taggert Corp. v. Efros*, 475 F.Supp. 124, 126–27 (S.D.Texas 1979), *aff'd*, 617 F.2d 1208 (5th Cir.1980), *cert. denied*, 450 U.S. 1030 (1981); *National Business Conference Employee Benefit Association v. Anderson*, 451 F.Supp. 458, 462 (S.D.Iowa 1977); *Bell v. Employee Security Benefit Association*, 437 F.Supp. 382, 393 (D.Kansas 1977). Matthew's claim that it sells only to "non-denominational Christian employers", is not sufficient in itself to refute the Superintendent's claim that it is in fact selling insurance. *See Bell, supra*, 437 F.Supp. at 395.

■ There is no merit in Matthew's argument that because it has "applied for approval of the ERISA plan to the appropriate federal authorities", the New York authorities are precluded from treating it as an insurance organization subject to State law. ERISA contains no provision which purports to preempt State insurance laws upon the mere filing of an application for approval. The Act's preemptive section provides, with certain exceptions, that ERISA's provisions for protection of employee benefit rights and plan termination insurance shall supersede all State laws insofar as they relate to benefit plans "covered" by ERISA. *See* 29 U.S.C. § 1144(a), (b)(1)(B), (c)(2). Obviously, coverage does not commence with the filing of an application for approval. It is not surprising, therefore, that Matthew has failed to identify the

---

* Sitting by designation.

"appropriate federal authorities" to whom it applied.

Giving Matthew the benefit of every doubt, the strongest claim it might make under ERISA would be that it is a multiple employer welfare arrangement, 29 U.S.C. § 1002(40)(A), which, to a large extent, remains subject to State laws regulating insurance, *see* 29 U.S.C. § 1144(b)(6). The district court therefore was correct in refusing to enjoin the Superintendent from enforcing the applicable laws of New York State.

The district court's order and judgment are affirmed.