**MDPHYSICIANS & ASSOCIATES, INC., Plaintiff,**

v.

**Paul T. WROTENBERY, et al., Defendants.**

**Civ. A. No. CA–2–90–0054.**

United States District Court, N.D. Texas, Amarillo Division.

April 2, 1991.

Claudia W. Frost, Baker & Botts, Houston, Tex., Richard C. Titus, Raleigh, N.C., for plaintiff.

Sedora Jefferson, Asst. Atty. Gen., Austin, Tex., for defendants.

## AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

MARY LOU ROBINSON, District Judge.

Before the Court are Defendants' motion to dismiss filed on September 12, 1990, and Agreed Stipulations of Fact filed on February 15, 1991.

This Order refers to the Agreed Stipulation of Fact as though reproduced fully herein.

■ Plaintiff, MDPhysicians & Associates, Inc., is the plan administrator of the MDP Plan which is a self-funded or not fully insured multiple employer welfare arrangement (MEWA). Defendants are the representatives of the Texas State Board of Insurance. MDP seeks a declaratory judgment that the Defendants' attempts to regulate the MDP Plan are inconsistent with Title I of ERISA.

Defendants claim that the MDP Plan, although a MEWA, is not an employee welfare benefit plan governed by ERISA, and that the State may apply its insurance laws to the MDP Plan, including the requirement that the Plan obtain a certificate of authority as a Texas insurer. On the other hand, Plaintiff claims that it is a MEWA and an employee welfare benefit plan governed by ERISA, and that Defendants lack the authority under ERISA to require the MDP Plan or any entity associated with the Plan to obtain a certificate of authority as a Texas insurer. Agreed Stipulation of Fact at 5.

All Multiple Employer Welfare Arrangements (MEWAs) are not ERISA employee benefit plans. The definition of MEWAs under ERISA incorporates both employee benefit plans and non-employee benefit plans.[1] The protections of ERISA, how-

---

**1.** 29 U.S.C.A. § 1002(40) defines MEWAs as follows:

(A) [A]n employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan), which is established or maintained for the purpose of offering or providing any benefit ... to the employees of two or more employers....

ever, extend only to employee benefit plans. *See* 29 U.S.C.A. § 1144(b)(6)(A)(i) and (ii).

This Court's jurisdiction depends on whether the MDP Plan, as a MEWA is also a valid ERISA employee benefit plan. "[T]he existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances from the point of review of a reasonable person." *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982). Five elements comprise an ERISA welfare plan.

> 1) A "plan, fund or program 2) established or maintained 3) by an employer or by an employee organization, or by both, 4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits 5) to the participants or their beneficiaries.

*Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir.1988) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982) (en banc)).

The MDP Plan, established by MDP Associates, Inc., is not fully insured and is controlled by three individuals who also control MDPhysicians of Amarillo, Inc., an independent practice association consisting of over 130 physicians in the Amarillo area. Stipulation at 1–2. Participants in the MDP Plan have a choice of seeking treatment from a network medical service provider, where the Plan pays 90% of the medical expenses incurred, or from a nonnetwork medical service provider, where the Plan pays 80% of the expenses. Stipulation at 3.

Participants in the MDP Plan are not limited to employees of the physicians who established the MDP Plan. On the contrary, the plan is marketed to various em-

ployers throughout the panhandle of Texas. Acceptance as a member company requires the payment of a one-time fee of $50.00 or of $100.00 for employers with 100 or more employees. The member companies subscribing to the Plan consist of more than 100 small and medium-size employers located generally throughout the Panhandle of Texas, and include eight employers which are either a county or independent school district.

■ Defendants contend that Plaintiff's Plan is not an employee benefit plan because the group of employers involved does not qualify as a "bona-fide" group of employers as contemplated by ERISA. ERISA defines Employer as

> any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C. § 1002(5).

Even though MDP might appear to be a Plan set up by a group of employers, the subscribing employers, except for the three officers, do not act as "employers" in relation to the plan. The Plan "does not employ the individuals that purchase its medical care or death benefit coverage." *Bell v. Employee Sec. Ben. Ass'n*, 437 F.Supp. 382, 393 (D.Kan.1977). An employee of a subscribing employer has no economic relationship to the physicians who established the MDP Plan. The only relationship between the sponsoring physicians and the employee stems from the benefit plan itself. The relationship between employees and the Plan is like the relationship between a private insurance company and the beneficiaries of a group insurance program.

Likewise MDPhysicians Associates, Inc., does not act directly as an employer or

(B) For purposes of this paragraph—
   (i) two or more trades or business, whether or not incorporated, shall be deemed a single employer if such trades or businesses are within the same control group,
   (ii) the term "control group" means a group of trades or businesses under common control,

   (iii) the determination of whether a trade or business is under "common control" with another trade or business shall be determined under regulations of the Secretary . . .

*indirectly in the interest of an employer.* 29 U.S.C.A. § 1002(5) (emphasis added). Courts construing the language of ERISA have concluded that a person or corporation cannot possibly act in the interest of employers when such employers have no voice in the management or operation of the plan because no basis for an agency relationship exists. *See Bell v. Employee Security Benefit Ass'n,* 437 F.Supp. 382, 393 (D.Kan.1977); *Hamberlin v. VIP Insurance Trust,* 434 F.Supp 1196, 1198 (D.Ariz.1977); *Matthew 25 Ministries, Inc. v. Corcoran,* 771 F.2d 21, 22 (2d Cir.1985).

Plaintiff is not an "employer" as defined by case law. The participating employers do not participate in the day-to-day operation or administration of the plan contrary to Fifth Circuit precedent. *Taggart Corp. v. Life and Health Benefits Administration, Inc.,* 617 F.2d 1208, 1210 (5th Cir. 1980). The MDP Plan in fact is controlled by the same three individuals that control MDP Physicians of Amarillo, Inc. The Fifth Circuit has held, under similar circumstances, that a plan established and "maintained by entrepreneurs for the purpose of marketing products or services to others" would not be acceptable as an ERISA plan because the Act did not intend to cover mere purchases of insurance. *Id.* at 1210–11. The fact that the subscribing employers, as in the case at hand, are unrelated [2] is further support for the proposition that the plan is marketing insurance coverage to the employers. *Matthew 25 Ministries, Inc. v. Corcoran,* 771 F.2d 21, 22 (2nd Cir.1985); *Taggart,* 617 F.2d at 1210.

Plaintiff has not rebutted any of the above claims. Rather, it has tried to distinguish the plans in the cited cases from the MDP Plan at issue here. Plaintiff alleges that MDP, unlike the cited cases, is well managed, well documented, and adequately funded. It appears that MDP has a reserve of approximately 25% of the estimated annual claims, while the plans in the cases cited, had no assets, or funds, and no trust to be protected by ERISA. MDP also

complies with ERISA by filing the appropriate documents required by ERISA. There is a written summary plan description as required by 29 U.S.C. § 1024(a)(1)(C), whereas the plans in the cited cases were shams, and never attempted to comply with ERISA filing requirements.

Those factors do not control the question before the Court. The MDP Plan is not fully insured. It has only stop loss insurance. Agreed Stipulation at 1. Even though the MEWA in the case at hand may not presently have any financial problems, or problems with fraudulent management tactics, there is nothing to insure that the Plan will always be solvent.

Plaintiff also can not prevail by claiming in its response to the Motion to Dismiss that each employer could qualify as a separate ERISA plan. *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins.,* 809 F.2d 617, 625 (9th Cir.1987). First, Plaintiff has not pled that it is bringing suit as the fiduciary of numerous single-employer plans. Second, Plaintiff has not shown that each single-employer plan has been "established" and "maintained" as an employee welfare benefit plan.

The Court concludes that MDP although a MEWA, is not an ERISA employee benefit plan. Thus the Court lacks federal question jurisdiction.

■ Further, even if the MDP Plan were an employee benefit plan under ERISA, it would still be subject to Texas laws which are not inconsistent with ERISA because MDP is not fully insured. *Matthew 25 Ministries, Inc. v. Corcoran,* 771 F.2d 21, 23 (2nd Cir.1985). (MEWAs remain subject, to a large extent, to State laws regulating insurance). 29 U.S.C.A. § 1144(b)(6)(A)(i) affords some protection from state laws to fully insured employee welfare benefit plans which are also MEWAs. As for MEWAs which are not fully insured, any law of any state which regulates insurance may apply to the extent not

---

2. The 130 employers that subscribe to the plan are diverse. They include school districts, counties, churches, truck companies, etc.

inconsistent with the provisions of ERISA. 29 U.S.C.A. § 1144(b)(6)(A)(ii).[3] In the present case, the MDP Plan is a not fully insured MEWA, and thus it is subject to all Texas laws not inconsistent with ERISA under subparagraph (A)(ii).

The Texas Insurance laws are not preempted unless they are inconsistent with ERISA.[4] The Texas requirement that the MDP Plan apply for a certificate of authority to conduct business in the State of Texas is not inconsistent with ERISA's requirement that an ERISA plan file with the Secretary of Labor a plan description, modifications, annual reports and supplemental reports, as required in 29 U.S.C. § 1021(b). Indeed, ERISA "does not regulate the substantive content of welfare-benefit plans," *Metropolitan Life Ins. Co. v. Com. of Mass.,* 471 U.S. 724, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985)[5], unlike the substantive regulations imposed upon pension plans, 29 U.S.C. §§ 1051–1086. Thus, the substantive regulations imposed by the State of Texas on Plaintiff, a not fully funded MEWA, are not inconsistent with ERISA, and properly regulate Plaintiff's Plan.

## CONCLUSIONS

Because the MDP Plan is not an employee benefit plan under ERISA this Court lacks subject matter jurisdiction. Accordingly, Defendants' Motion to Dismiss for want of federal-question jurisdiction is GRANTED and this case is hereby DISMISSED.

It is SO ORDERED.

---

**3.** (6)(A) Notwithstanding any other provision of this section—

(i) in the case of an employee welfare benefit plan which is a multiple employer welfare arrangement and is fully insured (or which is a multiple employer welfare arrangement subject to an exemption under subparagraph (B)), any law of any State which regulates insurance may apply to such arrangement to the extent that such law provides—

(I) standards, requiring the maintenance of specified level of reserves and specified levels of contributions, which any such plan, or any trust established under such a plan, must meet in order to be considered under such law able to pay benefits in full when due, and

(II) provisions to enforce such standards, and

(ii) in the case of *any other employee welfare benefit plan which is a multiple employer welfare arrangement,* in addition to this subchapter, any *law of any State* which regulates insurance may *apply to the extent not inconsistent* with the preceding sections of this subchapter.

**4.** See also *Jouza v. Currency Exchange Health Plan,* 1986 WL 436 (N.D.Ill 1986) (Unpublished Opinion) (Substantive regulations imposed by the State of Illinois on a MEWA plan are not inconsistent with ERISA and are not preempted).

**5.** For example, 29 U.S.C. §§ 1081–1086 regarding funding of employee pension benefit plans do not apply to employee welfare benefit plans, such as the Plan sponsored by Plaintiff. *Id.* at § 1081(a)(1).