ATLANTIC HEALTHCARE BENEFITS TRUST, Jeffry C. Neal, Trustee of Atlantic Healthcare Benefits Trust, United Healthcare Association of America, Inc. and National Insurance Consultants, Inc., Plaintiffs–Appellants,

v.

Robert R. GOOGINS, Commissioner, Department of Insurance of the State of Connecticut and the Department of Insurance of the State of Connecticut, Defendants–Appellees.

No. 1542, Docket 92–7955.

United States Court of Appeals,
Second Circuit.

Argued May 18, 1993.

Decided Aug. 2, 1993.

Michael D. Singer, Manhattan Beach, CA for plaintiffs-appellants.

John G. Haines, Hartford, CT (Richard Blumenthal, Atty. Gen., State of Conn., of counsel), for defendants-appellees.

Judith E. Kramer, Washington, DC (Mark I. Machiz, Karen L. Handorf, Gail Perry, U.S. Dept. of Labor), for amicus curiae, Secretary of Labor.

Before: WINTER and JACOBS, Circuit Judges, and MUKASEY, District Judge.*

JACOBS, Circuit Judge:

Plaintiffs are a group of individuals and entities that arrange with employers to provide employee health care benefits. When the State of Connecticut began taking steps to subject the benefits arrangement to regulation as an insurance company, the plaintiffs sued the Connecticut Commissioner of Insurance (the "Commissioner") and the Connecticut Department of Insurance. Plaintiffs seek (a) a declaration that the health care benefits they supply are furnished through a multiple employer welfare arrangement ("MEWA") that is subject to regulation under the Employee Retirement Income Secu-

---

* Honorable Michael B. Mukasey, United States District Judge for the Southern District of New York, sitting by designation.

rity Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq* (1988), and that the preemption provisions of ERISA preclude Connecticut from regulating a MEWA as an insurance company; and (b) an injunction barring the Commissioner from requiring them to register as an insurance company.

The United States District Court for the District of Connecticut (Dorsey, J.) granted defendants' motion for summary judgment relying upon a 1983 amendment to the preemption provision of ERISA that permits State insurance departments to regulate MEWAs. Plaintiffs now appeal. We affirm the district court's dismissal on the merits of the claim against the Connecticut Commissioner of Insurance. The claim against the Department of Insurance is barred by the Eleventh Amendment, and we therefore dismiss that claim *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

Defendants in this action are Robert Googins, Connecticut's Commissioner of Insurance and the Department of Insurance of the State of Connecticut.

Plaintiff Atlantic Healthcare Benefits Trust ("Atlantic") is a self-funded trust organized under the laws of the Commonwealth of Virginia. United Healthcare Association of America ("United") is a Virginia corporation that (according to the complaint) "offers health and welfare benefits through [Atlantic] to participating employers and their covered employees and dependents." United established Atlantic so that employers who are "members" of United can provide medical benefits to their employees. The Atlantic trust is "self-funded", meaning that each member pays money into the trust which then pays the claims submitted by the employees of each member in accordance with the employer's health benefits plan. The cost of operating Atlantic is borne by the members who are also subject to assessments for the payment of claims.

According to the complaint, Atlantic is an employee welfare benefit plan under 29 U.S.C. §§ 1002(1), (3) and 1003 and a MEWA under § 1002(40). Sometime in 1991, Atlan-

tic began to market its services in the state of Connecticut. Shortly thereafter, the Department of Insurance commenced an investigation of Atlantic's activities in the State. By letter dated December 13, 1991, Jon E. Arsenault, Counsel to the Department of Insurance, informed Edward Zinner, President of Plaintiff National Insurance Consultants, that the Department was investigating Atlantic's marketing activities, and requested information. As indicated by subsequent correspondence and the affidavit of Arsenault, none of the plaintiffs provided the information. By letter dated January 10, 1992, the Department of Insurance informed Zinner that failure to comply with the request for information would lead to some unspecified further action. Plaintiffs responded to that letter by filing this lawsuit.

Promptly after commencing this suit, plaintiffs moved for summary judgment arguing that (1) Atlantic is a MEWA as that term is defined in ERISA, 29 U.S.C. § 1002(40)(A), *see* Opinion 91–32 A, Department of Labor, Pension & Welfare Benefit Programs, 1991 ERISA LEXIS 36 (August 16, 1991) (opining to Deputy Commissioner of Insurance of Pennsylvania that Atlantic is a MEWA); (2) that ERISA expressly preempts the Commissioner's authority to regulate MEWAs such as Atlantic; and (3) that the Commissioner's attempt to compel Atlantic to obtain a certificate of authority to do business as an insurance company or to comply with Connecticut's insurance regulatory requirements is therefore unlawful.

Defendants countered that Atlantic was not an employee welfare benefit plan and, even if it were, that a 1983 amendment to ERISA's preemption clause specifically authorizes states to regulate MEWAs.

The district court granted summary judgment in favor of the defendants. The district court did not determine whether or not Atlantic is an "employee welfare benefit plan" as that term is defined by ERISA; rather, the court decided that, even if Atlantic is such a plan, Atlantic is nevertheless subject to regulation by the states by virtue of a 1983 amendment to ERISA specifically permitting states to regulate MEWAs unless such regulation is inconsistent with ERISA. Finding

that Connecticut's licensing requirement is not inconsistent with ERISA, the district court dismissed the suit.

On appeal, plaintiffs contend that self-funded health insurance plans are exempt from state regulation, that Connecticut's regulatory scheme for granting certificates of authority to insurance companies is "comprehensively inconsistent" with ERISA, and that the amendment to ERISA authorizing state regulation of MEWAs merely permits states to adopt legislation that regulates MEWAs *as* MEWAs, but does not permit states to regulate MEWAs as if they were insurance companies. Finally, plaintiffs contend that they should have been permitted to amend their complaint to allege that Atlantic is not a MEWA after all, and is therefore outside the scope of the 1983 amendment to ERISA. We affirm in every respect, except that we vacate the district court's decision to the extent it relates to the Department of Insurance because the claim against that entity is barred by the Eleventh Amendment.

## DISCUSSION

### I. Eleventh Amendment

▇ Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction. *See Esparza v. Valdez,* 862 F.2d 788, 793–94 (10th Cir.1988) (court of appeals may raise Eleventh Amendment jurisdictional bar *sua sponte* ), *cert. denied,* 492 U.S. 905, 109 S.Ct. 3214, 106 L.Ed.2d 565 (1989); *cf. Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974) ("[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court."); *Shabbazz v. Coughlin,* 852 F.2d 697, 699–700 (2d Cir.1988). The Eleventh Amendment bars suits against a state agency, such as the Connecticut Department of Insurance, absent a waiver of sovereign immunity. *E.g. Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). This court therefore lacks jurisdiction over plaintiffs' claims against the Department of Insurance. However, under the doctrine of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441,

52 L.Ed. 714 (1908), we have jurisdiction over defendant Googins.

### II. ERISA Preemption

The preemption clause of ERISA provides generally that "the provisions of [ERISA] shall supersede any and all laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. § 1144(a) (1988). This "deliberately expansive" preemption clause, *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987), reflects the intent of Congress to create a comprehensive national scheme for the regulation of employee welfare benefit plans. However, since Congress did not thereby intend to impinge upon the power of the states to regulate the insurance industry, the preemption clause is limited by a saving clause:

> [N]othing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance ...

29 U.S.C. § 1144(b)(2)(A). This saving clause is in turn limited by a "deemer" clause providing that neither an employee benefit plan nor a trust created pursuant to such a plan "shall be deemed to be an insurance company ... or to be engaged in the business of insurance ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts...." 29 U.S.C. § 1144(b)(2)(B).

In *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990), the Supreme Court described the interplay between the deemer clause and the saving clause:

> The pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to" an employee benefit plan governed by ERISA. The saving clause returns to the States the power to enforce those state laws that "regulat[e] insurance," except as provided in the deemer clause. Under the deemer clause, an employee benefit plan governed by ERISA shall not be "deemed" an insurance company, an insurer or engaged in

the business of insurance for purposes of state laws "purporting to regulate" insurance companies or insurance contracts.

*FMC* held that the deemer clause was violated by a Pennsylvania statute that regulated a single employer self-funded employee welfare benefit plan. Plaintiffs argue on this appeal that under *FMC* no state may regulate any self-funded health benefits plan as an insurance company.

■ There is a decisive distinction, however, between the single employer plan at issue in *FMC* and an arrangement for administering the health plans of multiple employers, *i.e.*, MEWAs. In a 1983 amendment to ERISA, Congress separately and directly prescribed the authority of states to regulate MEWAs:

> Notwithstanding any other provision of this section—
>
> (i) in the case of an employee welfare benefit plan which is a multiple employer welfare arrangement and is fully insured . . . any law of any State which regulates insurance may apply to such arrangement to the extent that such law provides—
>
>> (I) standards requiring the maintenance of specified levels of reserves . . . and
>>
>> (II) provisions to enforce such standards, and
>
> (ii) in the case of any employee welfare benefit plan which is a multiple employer welfare arrangement, in addition to this subchapter, any law of any state which regulates insurance may apply to the extent not inconsistent with the preceding sections of this subchapter.

29 U.S.C. § 1144(b)(6) (the "MEWA clause"). We agree with the Commissioner and the Department of Labor as *amicus* that this provision is an exception to the deemer clause, and that this provision authorizes states to regulate MEWAs as insurance companies. *See Atlantic Health Care Benefits Trust v. Foster*, 809 F.Supp. 365 (M.D.Pa. 1992).

■ As to the permissible scope of state insurance regulation, the MEWA clause distinguishes between a MEWA that is fully-insured and one that is not. In the case of a fully insured MEWA, a state's regulatory power is limited to mandating and enforcing reserve requirements. 29 U.S.C. § 1144(b)(6)(A)(i). Broader state regulation of other MEWAs is permissible so long as the regulation is not inconsistent with ERISA. It is undisputed in this case that Atlantic is not fully insured: it funds benefits by contributions and assessments paid by the member employers. Connecticut therefore may regulate Atlantic so long as the regulations are not inconsistent with ERISA.

■ Plaintiffs argue that even if the MEWA clause does permit a state to regulate self-funded MEWAs, a state cannot do so simply by designating MEWAs as insurance companies subject to the existing framework of insurance regulation. *See In re Affiliated Food Stores, Inc. Group Benefits Trust*, 134 B.R. 215 (N.D.Tex.1991) (holding that Texas may not regulate MEWAs as insurance companies). If Connecticut decides to regulate MEWAs, it must, according to Atlantic, create a separate MEWA scheme of regulation, as some other states have done. We disagree. The MEWA clause specifically states that "any law of any state which regulates insurance may apply [to a MEWA] to the extent not inconsistent with the preceding sections of this title." Under the plain language of this clause and subject to the limitations stated therein, Connecticut may regulate Atlantic under its insurance code.

■ Plaintiffs argue that there are a number of provisions of Connecticut's insurance law that are inconsistent with ERISA. Plaintiffs first argue that the Connecticut registration scheme is fundamentally incompatible with ERISA because (a) Atlantic must be maintained as a trust in order to qualify as an ERISA plan; and (b) the Connecticut insurance code does not authorize issuance of a certificate of authority to a trust. *See* Conn.Gen.Stat. §§ 38a–1(11) and 38a–41(a). We see nothing on the face of the cited provisions of the Connecticut insurance code that compels such a conclusion; indeed our reading of the statute suggests that precisely the opposite is so. Section 38a–41(a) prohibits any insurance company engaging in the insurance business other than under the

**6**

terms of a certificate of authority obtained from the Commissioner. The term "insurance company" includes a "corporation, association, partnership or *combination of persons* doing any kind or form of insurance business." Section 38a–1(11) (emphasis added). The term "[p]erson" includes "an individual, a corporation, a partnership, an association, a joint stock company, a business trust, an unincorporated organization or other legal entity." Section 38a–1(14). It therefore appears that under Connecticut law a business trust or other legal entity may be an insurance company. Atlantic also contends that Conn.Stat. § 38a–72 provides solely for the licensing of corporations and mutual insurance companies, a limitation we do not see in our review of that section.

■ Indisputably, Connecticut insurers are subject to minimal capital and reserve requirements. Atlantic asserts that such requirements are inconsistent with ERISA because imposing such reserves would eliminate one of the economic advantages of the MEWA structure and would create additional tax liability. This argument is frivolous. All state regulation entails marginal costs; since ERISA allows state regulation, the associated costs cannot be deemed inconsistent with ERISA's regulatory scheme. Moreover, the MEWA clause expressly contemplates the imposition of minimum capital and surplus requirements on MEWAs. *See* 29 U.S.C. § 1144(b)(6)(A)(i).

■ Plaintiffs also contend that Connecticut imposes certain fees on insurance companies that are inconsistent with ERISA's requirement that funds be held in trust for the participants and be used only to provide benefits and to defray administrative costs. 29 U.S.C. § 1104(a)(1)(A). In our view, regulatory fees can be a legitimate administrative expense.

In sum, plaintiffs have pointed to no requirement of the Connecticut code that appears in conflict with ERISA. True, Conn. Gen.Stat. § 38a–41(a) requires that applicants file their certificates of incorporation or charters; but that section does not state that insurance companies that are not incorporated must do so, or that the commissioner will not accept "not applicable" for an answer.

Accordingly, the Superintendent is not barred from regulating Atlantic as an insurance company.

Plaintiffs now ask that we remand the case to allow it to amend its complaint to allege that their plan is not in fact a MEWA. Instead, they wish to allege that Atlantic is a single employer plan because ERISA's definition of "employer" (29 U.S.C. § 1002(5)) has been interpreted to include a "bona fide group or association of employers." *See* Opinion Letter 90–07, Department of Labor, (available on Westlaw, FPEN–ADM database) 1990 ERISA LEXIS 7 (April 6, 1990). Plaintiffs did not raise this argument to the district court—in fact, Atlantic vigorously argued that it was a MEWA—and we consider the argument (such as it is) waived.

## CONCLUSION

We have examined all of plaintiffs' other arguments on appeal and find them meritless. Accordingly, we affirm the decision of the district court except as it applies to claim asserted against the Department of Insurance over which we have no jurisdiction.