**Ethel PLOG, Plaintiff,**

v.

**COLORADO ASSOCIATION OF SOIL CONSERVATION DISTRICTS, Colorado Health Care Administrators, Inc., William Welpton, John Frezieres, Dick Bemenderfer, Lee Campbell, Wayne Baughman, Calista Graves, Myron Niblack, and Robert J. Wallace, Jr., Defendants.**

**Mona ESPINOZA, individually and as Administrator of the Estate of David Espinoza, and the Estate of David Espinoza, Plaintiffs,**

v.

**COLORADO ASSOCIATION OF SOIL CONSERVATION DISTRICTS, Colorado Health Care Administrators, Inc., William Welpton, John Frezieres, Dick Bemenderfer, Lee Campbell, Wayne Baughman, Calista Graves, Myron Niblack, and Robert J. Wallace, Jr., Defendants.**

Civ. A. Nos. 93–B–986, 93–B–987.

United States District Court,
D. Colorado.

Dec. 10, 1993.

Michael E. McLachlan, Shan, McLachlan, Newbold & Spear, P.C., Durango, CO, for plaintiff Plog.

John W. Grund, Claudia D. Westin, Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Denver, CO, for defendants Colorado Health & Welpton.

Dirk W. deRoos, Faegre & Benson, Denver, CO, for defendants Colorado Ass'n, Frezieres, Bemenderfer, Campbell, Baughman, Graves, Niblack and Wallace.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiffs in this consolidated action move to remand their cases to the respective state courts pursuant to 28 U.S.C.A. § 1447(c); 93–B–986 to the Jefferson County District Court, and 93–B–987 to the Montezuma County District Court. Plaintiffs also request their attorney's fees.

For the reasons set forth below, I will grant plaintiffs' motions to remand, but I will deny their requests for attorney's fees.

### I.

This consolidated action involves a medical benefits program created by the Colorado Association of Soil Conservation Districts (CASCD). CASCD is an association which claims as its members every major farm and ranch in the state of Colorado. The requirement for becoming a member of CASCD is the payment of an annual enrollment fee.

In 1983, CASCD established a self-funding medical benefits program called the Colorado

Association of Soil Conservation Districts Medical Benefits Program (the plan) to provide medical benefits to its participating member-employers. The CASCD Board of Trustees established a committee to administer the plan, known as the Medical Benefits Program Board. The Program Board meets annually and works with the third-party administrator of the plan. The plan was at all relevant times administered by the third-party administrator, Colorado Health Care Inc., (CHCI), now known as Associated Health Care Administrators, Inc., and its president, William Welpton.

The plaintiffs in both actions purchased health insurance from a Colorado-licensed insurance salesman by paying the annual CASCD enrollment fee and then joining the plan offered by CASCD. The plaintiffs paid the insurance premiums and were continuously covered by the plan at all relevant times. None of the plaintiffs were ever employed by any defendant. David Espinoza, at the time he bought the policy and when he died, was a self-employed mechanic. Mona Espinoza was a self-employed cosmetologist. The occupation of Ethel Plog is undisclosed.

The Espinoza action arose when David Espinoza incurred substantial surgical and hospital expenses as a result of terminal cancer which was properly covered under the plan's provisions. The Plog action arose when Plog incurred substantial surgical and hospital expenses as a result of a back injury which was properly covered under the plan's provisions. In both instances, CASCD rejected plaintiffs' claims stating that the claims were not eligible for benefits due to a preexisting-conditions exclusion.

Plaintiffs filed suit in state court against CASCD, individual board members, CHCAI, and William Welpton alleging bad faith denial of benefits, breach of fiduciary duties, and violation of Section 10–8–116(2)(a)(V), 4A C.R.S. (1987). Defendants filed a notice of removal in both actions asserting that the Federal Courts have exclusive jurisdiction because the health care plan at issue is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C.A. §§ 1001–1461, which preempts state law. On July 22, 1993, I issued an order consolidating the two actions.

Defendants contend that the plan at issue is an "employee welfare benefit plan" as defined by Section 3(1) of ERISA, 29 U.S.C.A. § 1002(1). Plaintiffs move to remand arguing that the plan is not an EWBP as defined by ERISA.

## II.

■ Defendants, as the parties seeking removal, have the burden of proving that federal jurisdiction is proper. *Her Majesty The Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Jones v. General Tire and Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

■ The parties do not dispute that the plan is a "multiple employer welfare arrangement" (MEWA) as defined by ERISA. 29 U.S.C.A. § 1002(40)(A) (West 1985). However, ERISA only governs those MEWAs which are also "employee welfare benefit plans" (EWBP). § 1002(3). The issue here is whether the plan established by CASCD is an EWBP. The ERISA definition of employee welfare benefit plan follows:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or maintained for the purpose of providing for its participants or beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in Section 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C. Section 186(c) ] (other than pensions on retirement or death and insurance to provide such pensions).

29 U.S.C.A. § 1002(1) (West 1985).

Whether a plan is an EWBP is a question of fact. *MDPhysicians & Associates, Inc. v. State Bd. of Ins.*, 957 F.2d 178, 182 (5th Cir.1992). An EWBP must be 1) a "plan,

fund or program"; 2) established or maintained; 3) by an employer or by an employee organization, or by both; 4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, [or] death ... benefits ...; 5) to participants or their beneficiaries. § 1002(1); *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir.1982); *Peckham v. Gem State Mutual of Utah*, 964 F.2d 1043, 1047 (10th Cir.1992). The focus here is whether an employer or employee organization established or maintained the plan at issue.

The parties do not contend that the CASCD plan was established by an employee organization. Defendants, however, assert that the plan falls within ERISA's definition of "employer":

> The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C.A. § 1002(5) (West 1985). Defendants argue that CASCD is a group or association of employers acting in the interest of employers.

■ A multi-employer plan is not within the ambit of ERISA if employers have no direct involvement in the plan's day-to-day operation or administration. *Taggart Corp. v. Life and Health Benefits Admin. Inc.*, 617 F.2d 1208, 1210 (5th Cir.1980), *cert. denied*, 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981); *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1135 (7th Cir.1986), *cert. denied*, 486 U.S. 1026, 108 S.Ct. 2004, 100 L.Ed.2d 235 (1988); *ELCO Mechanical Contractors, Inc. v. Builders Supply Assoc. of West Virginia*, 832 F.Supp. 1054, 1057 (S.D.W.V.1993). The employer group must do more than merely advertise the plan and collect contributions; it must actively participate in the administration of the plan. *Otto*, 814 F.2d at 1135; *Matthew 25 Ministries, Inc. v. Corcoran*, 771 F.2d 21, 22 (2d Cir. 1985); *Bell v. Employee Sec. Ben. Ass'n*, 437 F.Supp. 382, 393–94 (D.C.Kan.1977). Here, the CASCD plan is administered by Colorado Health Care Inc., (CHCI), now known as Associated Health Care Administrators Inc., and its president, William Welpton.

■ Courts have also held that there must be some cohesive relationship between the provider of benefits and the recipient of benefits under the plan. The Eighth Circuit held the pertinent definitions require "that the entity that maintains the plan and the individuals that benefit from the plan [be] tied by a common economic or representation interest, unrelated to the provision of benefits." *Wisconsin Educ. Ass'n Ins. Trust v. Iowa State Bd. of Public Instruction*, 804 F.2d 1059, 1063 (8th Cir.1986); *MDPhysicians*, 957 F.2d at 185. Defendants argue that the CASCD represents a valid, cohesive employer association with mutual interests including but extending beyond the provision of health care benefits to employees. As the Espinozas' situation, indicates, however, membership in CASCD, and hence participation in the plan, is available to any person willing to pay the CASCD membership fee and regular insurance premiums.

I conclude that defendants have failed to meet their burden of showing that the plan is subject to ERISA preemption. I find that the CASCD plan is not an EWBP as defined by 29 U.S.C.A. § 1002(1). As a non-EWBP MEWA, the plan is subject to state regulation.

As I cannot conclude that defendants removal was in bad faith, I will deny plaintiffs' request for attorney's fees.

Accordingly, it is ORDERED that:

1) 93–B–987 be REMANDED to the Montezuma County District Court;

2) 93–B–986 be REMANDED to the Jefferson County District Court;

3) plaintiffs' request for attorney's fees is DENIED.