Ross **FULLER** as Trustee for the International Association of Entrepreneurs of America Benefit Trust, Plaintiff/Counter–Defendant,

and

**Planmarc Leasing Co., a Michigan corporation, Plaintiff,**

v.

**D. Joseph OLSON, Commissioner, Michigan Bureau of Insurance, Defendant/Counter–Plaintiff,**

and

**Frank J. Kelley, Attorney General of the State of Michigan, and Jack Wheatley, Director, Michigan Bureau of Workers' Disability Compensation, Defendants.**

No. 5:94–CV–139.

United States District Court, W.D. Michigan, Southern Division.

Nov. 14, 1995.

Scott L. Mandel, Foster Swift Colins & Smith, P.C., Lansing, MI, Randolph D. Phifer, Patterson, Phifer & Phillips, P.C., Detroit, MI, Joseph A. Jordano, Fitzgerald, Schorr, Barmettler & Brennan, P.C., Omaha, NE, for Plaintiffs.

William A. Chenoweth, Leonard J. Malinowski, Assistant Attorneys General, Lansing, MI, for Defendants.

## OPINION OF THE COURT

McKEAGUE, District Judge.

This is an action for declaratory and injunctive relief. Plaintiffs challenge certain Michigan statutes as preempted by ERISA, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and violative of the Commerce Clause of the United States Constitution. Now before the Court are the parties' cross-motions for summary judgment.

### I

Plaintiff Ross Fuller is Trustee of the International Association of Entrepreneurs of America ("IAEA") Benefit Trust. The IAEA Benefit Trust was established for the purpose of enabling employer members of the IAEA to provide health care services and benefits and disability, death and accident benefits to eligible employees through an "employee welfare benefit plan," as defined under ERISA, 29 U.S.C. § 1002(1). Such a plan has been established and is maintained by participating employers. It constitutes a "multiple employer welfare arrangement" ("MEWA") under ERISA, 29 U.S.C. § 1002(40). Plaintiff Planmarc Leasing Co. is a Michigan corporation and participating employer.

This action was precipitated by correspondence received by Trustee Fuller and Planmarc from Michigan Attorney General Frank J. Kelley, defendant herein, advising that the IAEA welfare benefit plan's purported provision of workers' compensation coverage in Michigan was invalid as violative of Michigan law. Planmarc was advised that a Michigan employer must, pursuant to M.C.L. § 418.611, obtain approval from the Director of the Bureau of Workers' Disability Compensation to be a self-insurer for purposes of workers' compensation liability, or must purchase insurance against such liability from an insurer authorized to transact the business of workers' compensation insurance in Michigan. Planmarc has done neither. In addition, Trustee Fuller was advised that, pursuant to M.C.L. § 500.7004, a MEWA may not lawfully operate in Michigan unless it is fully insured or obtains a certificate of authority from the Commissioner of the Michigan Bureau of Insurance. No application for certification has been filed.

Plaintiffs contend both statutes are preempted by ERISA because they "relate to" an employee benefit plan. 29 U.S.C. § 1144(a). Plaintiffs also contend that, although the Michigan certification requirement might otherwise be deemed exempt from preemption as a law regulating insurance, it is nonetheless preempted to the extent it is "inconsistent" with the provisions of ERISA. 29 U.S.C. § 1144(b)(6)(A)(ii). Should the Court find the Michigan statutes not preempted by ERISA, plaintiffs ask the Court, under 42 U.S.C. § 1983, to declare them unenforceable because violative of the Commerce Clause.[1] By their cross-motions for summary judgment, the parties agree there are no genuine issues of material fact and ask the Court to rule on plaintiff's claims as a matter of law.

### II

Under M.C.L. § 418.611, every Michigan employer subject to the Michigan Workers' Disability Compensation Act is required to secure the payment of workers' compensation benefits by either (1) obtaining authorization to operate as a "self-insurer," or (2) purchasing insurance from an authorized insurer. These requirements, plaintiffs con-

---

1. Count III of the complaint also contains a summary allegation that the Michigan statutes deny plaintiffs due process and equal protection, but these claims have not been pursued in the parties' arguments and have presumably been withdrawn.

tend, have the effect of requiring Michigan employers participating in the IAEA employee welfare benefit plan to obtain workers' compensation coverage separate from and in addition to the IAEA plan coverage. Because the requirements impose a burden upon IAEA plan participants which may affect their participation in the IAEA plan, the requirements are said to "relate to" a covered ERISA plan, triggering preemption under 29 U.S.C. § 1144(a).

Plaintiffs are right in arguing that "relate to" has been broadly construed by the courts in accordance with congressional intent. See *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 128–29, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992). Yet, the courts have also consistently rejected the specific argument here posited by plaintiffs. Without exception, the courts have upheld, in the face of ERISA preemption challenge, the states' right to regulate workers' compensation by means similar to M.C.L. § 418.611. See *Employers Resource Mgmt. Co., Inc. v. James*, 62 F.3d 627, 632 (4th Cir.1995); *Contract Services Employee Trust v. Davis*, 55 F.3d 533, 536 (10th Cir.1995); *Combined Mgmt., Inc. v. Superintendent of Bureau of Ins.*, 22 F.3d 1, 5–8 (1st Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 350, 130 L.Ed.2d 306 (1994); *Employee Staffing Services v. Aubry*, 20 F.3d 1038, 1040–41 (9th Cir.1994). Plaintiffs' attempts to distinguish these rulings or persuade that they are wrong are unavailing.

■ Accordingly, for the reasons set forth in the above opinions, the Court concludes that M.C.L. § 418.611 is not preempted by ERISA.

### III

Under M.C.L. § 500.7004, "a person shall not establish or maintain an employee welfare benefit plan which is a multiple employer welfare arrangement in this state unless the MEWA obtains and maintains a certificate of authority pursuant to this chapter." The requirement does not apply to a benefit plan or MEWA that is fully insured. *Id.* The IAEA benefit plan is not fully insured.

Plaintiffs acknowledge that MEWAs are subject to state laws regulating insurance. 29 U.S.C. § 1144(b)(6)(A)(ii). However, they contend, chapter 70 of the Michigan Insurance Code, M.C.L. § 500.7001 *et seq.*, is focused exclusively on multiple employer welfare arrangements, which are employee welfare benefit plans and, by definition, shall not be deemed to be insurance companies or to be engaged in the business of insurance. 29 U.S.C. § 1144(b)(2)(B). If chapter 70 deals exclusively with MEWAs, the argument goes, and MEWAs are not engaged in the business of insurance, then it necessarily follows that chapter 70 is not a state law regulating insurance.

This argument was specifically rejected in *Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 5 (2nd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 689, 126 L.Ed.2d 656 (1994). In *Googins,* the court held that the "MEWA clause," 29 U.S.C. § 1144(b)(6), is an exception to the "deemer clause," 29 U.S.C. § 1144(b)(2)(A), expressly authorizing states to regulate MEWAs as insurance companies as long as the regulation is not inconsistent with ERISA. 2 F.3d at 5. See also *Int'l Ass'n of Entrepreneurs of America v. Foster*, 883 F.Supp. 1050, 1065 (E.D.Va.1995); *Fuller v. Norton*, 881 F.Supp. 468, 471 (D.Col.1995); *ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n of W.Va.*, 832 F.Supp. 1054, 1057 (S.D.W.Va. 1993); *Atlantic Health Care Benefits Trust v. Foster*, 809 F.Supp. 365, 374 (M.D.Pa. 1992), *aff'd*, 6 F.3d 778 (3rd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 689, 126 L.Ed.2d 656 (1994).

Plaintiffs offer no persuasive reason to depart from the rule established in these cases. They seek alternatively to demonstrate that the Michigan certification requirements are inconsistent with ERISA and therefore nullified.

■ Defendant D. Joseph Olson, Insurance Commissioner, argues in response that where Congress has not completely displaced state regulation, but has expressly exempted some state regulation of MEWAs from preemption, state regulation should not be deemed "inconsistent" with ERISA unless there is an actual conflict between state and

federal law. *Fidelity Federal Savings & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022–23, 73 L.Ed.2d 664 (1982). An actual conflict is said to arise only when "compliance with both federal and state regulations is a physical impossibility" or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* Defendant Olson contends that none of the provisions of chapter 70 poses such a conflict with ERISA.

The Court is not entirely satisfied that the formulation employed in *de la Cuesta* in connection with the scope of the preemption doctrine generally is what Congress intended by its particular use of "inconsistent" in the MEWA clause. Still, this construction appears to be a useful one, in the absence of other authority defining "inconsistent." Though the terms are not entirely synonymous, "conflict" certainly corresponds with "inconsistent." Moreover, it is a construction that appears to have been at least impliedly employed in recent case law.

In *Googins, supra,* the court considered alleged inconsistencies between Connecticut regulations affecting MEWAs and ERISA's regulatory scheme and found no "conflict" that warranted preemption. 2 F.3d at 6. The court further found that marginal costs and fees required by state regulations were not inconsistent with ERISA. *Id.* Similarly, several courts have held that application of state licensing requirements to ERISA-covered MEWAs is not inconsistent with ERISA. See *Int'l Ass'n of Entrepreneurs of America v. Foster, supra,* 883 F.Supp. at 1066; *Atlantic Health Care Benefits Trust v. Foster, supra,* 809 F.Supp. at 374; *MDPhysicians & Assocs., Inc. v. Wrotenbery,* 762 F.Supp. 695, 699 (N.D.Tex.1991), *aff'd,* 957 F.2d 178 (5th Cir.), *cert. denied,* 506 U.S. 861, 113 S.Ct. 179, 121 L.Ed.2d 125 (1992).

■ Most of plaintiffs' objections to the chapter 70 requirements are analogous to those rejected in the above rulings and are not persuasive. Michigan's chapter 70 regulatory scheme does appear to be more comprehensive than those encountered in the above cases. Still, where Congress has expressly permitted states to regulate MEWAs to an extent not inconsistent with ERISA, it is not enough to argue that burdens imposed by state regulation but not imposed by ERISA are "inconsistent" and therefore preempted. None of the alleged inconsistencies poses a direct conflict, such that compliance with the Michigan regulation will require the IAEA plan to violate ERISA or will frustrate congressional purpose.

Plaintiffs argue that enforcement of the Michigan requirements has the effect of prohibiting MEWAs from providing workers' compensation benefits in Michigan, benefits they would otherwise be authorized to provide under ERISA, 29 U.S.C. § 1002(1) and (40). Surely this is an inconsistency, they argue, citing *Fuller v. Stenberg,* 1994 WL 840942 (D.Neb.1994). In *Fuller v. Stenberg,* the court denied the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) in part. The court held the plaintiffs had stated a valid claim by alleging that Nebraska's regulatory scheme effectively prohibited MEWAs from operating in Nebraska and was therefore inconsistent with ERISA.

■ Here, in contrast, the Michigan scheme does not prohibit MEWAs from operating in Michigan. It only prohibits their direct provision of workers' compensation benefits, unless they obtain approval to operate as casualty insurers authorized to offer workers' compensation insurance in Michigan. This limited restriction might be of concern were it not for the consistent line of cases, see part II, *supra,* that have specifically recognized the states' traditional right to regulate workers' compensation in this manner without triggering ERISA preemption. In view of the unique exemption from ERISA's purview that state workers' compensation schemes have enjoyed, the Court concludes that Michigan's restriction of MEWAs' freedom to offer workers' compensation benefits is not inconsistent with ERISA.

Accordingly, the Court holds that the certification requirements of chapter 70 of the Michigan Insurance Code are not preempted by ERISA.

### IV

Plaintiffs contend Michigan's regulatory scheme impermissibly burdens interstate

commerce. They argue the scheme discourages and even prohibits MEWAs from providing workers' compensation benefits, discriminatorily favoring the insurance industry.

■ The Commerce Clause reserves to Congress the power to regulate commerce among the several states. U.S. Const., Art. I, § 8, cl. 3. "If Congress ordains that the States may fully regulate an aspect of interstate commerce, any action taken by a State within the scope of congressional authorization is rendered invulnerable to Commerce Clause challenge." *Western & Southern Life Ins. Co. v. State Bd. Of Equalization of California,* 451 U.S. 648, 652–53, 101 S.Ct. 2070, 2074–75, 68 L.Ed.2d 514 (1981).

Congress has, through ERISA, subjected employee benefit plans to comprehensive federal regulation. However, the Court has already ruled, based on uniform caselaw precedents, that the Michigan statutes here at issue do not transgress the boundaries of ERISA coverage, but concern matters which Congress has chosen to leave regulable by the states. Chapter 70 of the Michigan Insurance Code regulates MEWAs in a manner not inconsistent with ERISA—that is, within the scope of congressional authorization—and would appear therefore to be invulnerable to Commerce Clause challenge.

■ Defendants also argue that the Michigan statutes regulate the business of insurance, an area in which Congress has, through the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.,* removed all Commerce Clause limitations on the authority of the states to regulate. *Western & Southern, supra,* 451 U.S. at 653, 101 S.Ct. at 2075. Chapter 70, to which plaintiffs' Commerce Clause challenge is primarily directed, is, of course, contained within the Michigan Insurance Code. Yet, not all state laws touching upon insurance practices are necessarily laws regulating the "business of insurance." See *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Three criteria have been used to determine whether a regulated practice falls within the business of insurance:

First, whether the practice has the effect of transferring or spreading a policyhold-

er's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.

*Id.,* at 48–49, 107 S.Ct. at 1553, quoting *Union Labor Life Ins. Co. v. Pireno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3008–09, 73 L.Ed.2d 647 (1982).

The regulated practice here at issue is the provision of workers' compensation benefits. Under Michigan law, workers' compensation benefits can be provided only by a self-insured employer or by an authorized casualty insurer. Considering the *Pilot Life* criteria, the provision of workers' compensation coverage is clearly a practice which falls within the business of insurance. Congress has declared that MEWAs shall be subject to state regulation of such practices to the extent not inconsistent with ERISA. Thus, plaintiffs' Commerce Clause challenge is futile.

■ Finally, plaintiffs have not demonstrated how the Michigan laws discriminatorily burden interstate commerce. Plaintiffs allege the Michigan laws effect "simple economic protectionism" and are therefore invalid per se. *Philadelphia v. New Jersey,* 437 U.S. 617, 624, 98 S.Ct. 2531, 2535–36, 57 L.Ed.2d 475 (1978). Yet, a state law that regulates "evenhandedly" and imposes only "incidental" burdens on interstate commerce will be struck down only if the burdens imposed on such commerce are "clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970); see also *Minnesota v. Clover Leaf Creamery,* 449 U.S. 456, 471, 101 S.Ct. 715, 728, 66 L.Ed.2d 659 (1981).

■ The Michigan laws regulate evenhandedly, imposing no burdens on interstate commerce that are not also borne by intrastate commerce. The incidental burdens imposed on interstate commerce are not clearly excessive in relation to the important and traditionally respected state interests served, i.e., maintenance of the integrity of the state's workers' compensation scheme and protection of employees' rights thereunder.

The Court finds no violation of the Commerce Clause.

## V. CONCLUSION

The Court having determined that there is no genuine issue as to any material fact and that Michigan's regulatory scheme withstands both plaintiffs' ERISA preemption and Commerce Clause challenges, it follows that plaintiffs' motion for summary judgment must be denied and defendants' motions for summary judgment must be granted.

Accordingly, defendants will be awarded judgment in their favor on plaintiffs' claims against them and defendant Insurance Commissioner Olson will be awarded judgment in his favor on his counterclaim for injunctive relief. A judgment order consistent with this opinion shall issue forthwith.

## JUDGMENT ORDER

In accordance with the opinion of the Court of even date,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motions for summary judgment are **GRANTED.**

**IT IS FURTHER ORDERED** that defendants are **AWARDED JUDGMENT** in their favor on plaintiffs' claims against them.

**IT IS FURTHER DECLARED AND ADJUDGED** that neither M.C.L. § 418.611 nor chapter 70 of the Michigan Insurance Code, M.C.L. § 500.7001 *et seq.,* is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.,* or is violative of the Commerce Clause of the United States Constitution.

**IT IS FURTHER ORDERED** that defendant Insurance Commissioner D. Joseph Olson is **AWARDED JUDGMENT** in his favor on his counterclaim for injunctive relief.

**IT IS FURTHER ORDERED** that plaintiff Ross Fuller, as Trustee for the International Association of Entrepreneurs of America Benefit Trust, and all persons acting in concert with him to administer the IAEA employee welfare benefit plan, including employees, officers, directors, agents and attorneys, are hereby **PERMANENTLY ENJOINED** (1) from soliciting or attempting to solicit employers domiciled in Michigan, or which have their principal headquarters or principal administrative offices in Michigan, to participate in the IAEA benefit plan; and (2) from collecting or attempting to collect any money from or on behalf of any employers domiciled in Michigan, or which have their principal headquarters or principal administrative offices in Michigan, in connection with their participation in the IAEA benefit plan, until a certificate of authority to do business as either a multiple employer welfare arrangement or an insurer has been obtained from the Michigan Insurance Commissioner.