20 F.3d 1038
 62 USLW 2637, 18 Employee Benefits Cas. 1033
 EMPLOYEE STAFFING SERVICES, INC., in its capacity as sponsor
and plan administrator of the Employee Staffing Services
Employee Welfare Benefit Plan; The Employee Staffing
Services Employee Welfare Benefit Plan; Human Resource
Technology dba Stafcor; and Pro City Apparel, Plaintiffs-Appellants,
v.
Lloyd W. AUBRY, Jr., as Director of the Department of
Industrial Relations for the State of California; Victoria
L. Bradshaw, as Labor Commissioner for the State of
California, and California State Department of Industrial
Relations, Division of Labor Standards Enforcement,
Defendants-Appellees,
and
International Ladies' Garment Workers' Union, AFL-CIO,
Intervenor-Appellee.
 No. 93-15482.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 16, 1993.
Decided April 5, 1994.
 
 Karen E. Ford and James P. Baker, Littler, Mendelson, Fastiff, Tichy, & Mathiason, San Francisco, CA, for plaintiffs-appellants.
 H. Thomas Cadell, Jr., Chief Counsel, Div. of Labor Standards Enforcement, John M. Rea, Chief Counsel, Dept. of Indus. Relations, San Francisco, CA, for defendants-appellees.
 Marsha S. Berzon, Michael Rubin, Indira Talwani, Altshuler, Berzon, Nussbaum & Rubin, San Francisco, CA, for intervenor-appellee.
 Elizabeth A. Goodman, U.S. Dept. of Labor, Washington DC, David S. Foster, Thelen, Marrin, Johnson & Bridges, Daniel E. Leach, Leach & English, San Francisco, CA, Allan J. Graf, Farmer & Ridley, Los Angeles, CA, Jane Lauer Barker, Asst. Atty. Gen. in Charge of Labor Bureau, New York City, for amici.
 Appeal from the United States District Court for the Northern District of California.
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 KLEINFELD, Circuit Judge:
 
 
 1
 The premise of the complaint in this case is that ERISA opened a loophole so that employers could avoid buying workers' compensation insurance. It does not. The obligations of California workers' compensation insurance cannot be avoided by substituting an ERISA plan's coverage for work-related injuries. We affirm the district court's dismissal of the complaint.
 
 Facts
 
 2
 Employee Staffing sponsors an ERISA plan. The ERISA plan covers work-related injuries and provides medical, health, and life insurance benefits. Stafcor, a subsidiary of Employee Staffing, employs workers covered by the plan. Firms in the California garment industry pay Stafcor to provide workers, instead of employing the workers themselves. The State of California, though, refuses to issue certificates required under California Labor Code Sec. 2675 to the garment manufacturers on the ground that Stafcor has not complied with the California workers' compensation laws. The State Division of Labor Standards Enforcement has ordered Stafcor to "stop using any employee labor until you have secured Workers' Compensation Insurance." Since Stafcor's business is supplying workers to other companies in various industries, this order has the practical effect of putting Stafcor out of business.
 
 
 3
 The plaintiffs sued for a declaratory judgment that ERISA has preempted the field that California seeks to regulate, so that its order and denials of certificates to the garment manufacturers would be illegal. They also sought an injunction against further enforcement. The district court issued a temporary restraining order, but later denied a preliminary injunction and dismissed the complaint.Analysis
 
 
 4
 We review dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. We proceed for purposes of analysis as though the complaint's averments were established. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992). Though our analysis differs from that of the district judge, we affirm on grounds supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 ERISA Preemption
 
 5
 The coverage provision of ERISA expressly excludes workers' compensation plans. 29 U.S.C. Sec. 1003(b) (1988). The preemption provision includes a list of exceptions, and workers' compensation is not on the exception list. 29 U.S.C. Sec. 1144 (1988). But the preemption clause expressly makes an exception for plans exempted by the coverage provision. The problem is that the statutory language sometimes refers to plans, and sometimes laws, leaving room for argument about its proper construction.
 
 
 6
 Here is the relevant portion of the coverage language, and the workers' compensation exemption:
 
 Sec. 1003. Coverage
 
 7
 (a) Except as provided in subsection (b) of this section ... this subchapter shall apply to any employee benefit plan....
 
 
 8
 (b) The provisions of this subchapter shall not apply to any employee benefit plan if--
 
 
 9
 ....
 
 
 10
 (3) such plan is maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability laws;
 
 
 11
 ....
 
 
 12
 29 U.S.C. Sec. 1003. The room for argument is left by the language, "such plan is maintained solely ..." Plaintiffs claim that their plan, an ERISA plan, is maintained for comprehensive health care purposes, not solely for compliance with workers' compensation laws. They argue that because the exemption of Sec. 1003(b) does not apply, ERISA does, so they are required to comply with ERISA, but state regulation of their plan is preempted.
 
 
 13
 Here is the relevant language of ERISA's preemption clause:
 
 
 14
 (a) Supersedure; effective date
 
 
 15
 Except as provided in subsection (b) of this section, the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title....
 
 
 16
 29 U.S.C. Sec. 1144(a) (emphasis added).
 
 
 17
 Subsection (b) lists a number of kinds of laws not preempted, such as state criminal laws, insurance laws, and domestic relations orders. Plaintiffs correctly point out that workers' compensation laws are not among the state laws exempted in Sec. 1144(b). They argue that the reference to the coverage exemption of Sec. 1003(b) has no application to their multipurpose plan because it is not maintained "solely" for purposes of workers' compensation.
 
 
 18
 Part of plaintiff's argument, that their multipurpose ERISA plan is regulated by ERISA, not state workers' compensation commissioners, finds support in Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 107, 103 S.Ct. 2890, 2905, 77 L.Ed.2d 490 (1983). That case establishes that the coverage exemption "excludes 'plans,' not portions of plans, from ERISA coverage," so only "separately administered disability plans maintained solely to comply" with the state law are exempt from ERISA. Id. at 107-08, 103 S.Ct. at 2905. That language suggests that an attempt to regulate plaintiffs' ERISA plan would be preempted, regardless of whether workers' compensation benefits are included in the plan.
 
 
 19
 But the fact that the state cannot regulate plaintiffs' ERISA plan does not imply that the state cannot require another, separately administered plan for workers' compensation. Shaw says that although a state cannot regulate an employer's ERISA plan, it can require an employer to maintain a separate disability plan exempt from ERISA, under the same coverage exemption as applies to workers' compensation plans:
 
 
 20
 Congress surely did not intend, at the same time it preserved the role of state disability laws, to make enforcement of those laws impossible. A State may require an employer to maintain a disability plan complying with state law as a separate administrative unit. Such a plan would be exempt under [Sec. 1003(b)(3) ]....
 
 
 21
 If the State is not satisfied that the ERISA plan comports with the requirements of its disability insurance law, it may compel the employer to maintain a separate plan that does comply.
 
 
 22
 Id. at 108, 103 S.Ct. at 2905. The Shaw construction avoids "[t]he administrative impracticality of permitting mutually exclusive pockets of federal and state jurisdiction within a [single multibenefit] plan...." Id. at 107, 103 S.Ct. at 2905.
 
 
 23
 Syntactically, the preemption of "laws" and exemption of "plans" might be construed to place the power to exempt in the employer's hands, when it adopts a plan, instead of the state legislature's hands, when it promulgates laws. But a construction which attributes a rational purpose to Congress makes this locus of power unlikely, because it would accidentally allow employers to avoid the century-old system of workers' compensation. Shaw removes any ambiguity which might be found in the ERISA statute on this issue. We see no reason to distinguish workers' compensation plans from disability plans, since both are controlled by identical language in the same subsection of the ERISA statute, and the same reasons apply to both.
 
 
 24
 The regulatory scheme was different in District of Columbia v. Greater Washington Board of Trade, --- U.S. ----, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992). The city required ERISA plans to provide benefits for employees who were not working during a workers' compensation disability period, so ERISA preemption applied. Greater Washington explains that the workers' compensation exemption does not limit preemption if the law relates to an ERISA plan. Id. at ----, 113 S.Ct. at 584. In the case at bar, unlike Greater Washington, the state law does not tell employers how to write their ERISA plans. The case before us does not involve intrusion on an ERISA plan by a state workers' compensation statute.
 
 
 25
 The California statute requires private employers to secure payment of workers' compensation either by purchasing workers' compensation insurance from a state-approved carrier, or self-insuring under a plan approved by the state Director of Industrial Relations. Cal.Lab.Code Sec. 3700. Plaintiffs do not allege that their ERISA plan was submitted for approval as a California self-insured workers' compensation plan. The California statutes say nothing about employee benefits under an ERISA plan. As Judge Levi lucidly explains, the California workers' compensation statutes require employers to maintain "separately administered" workers' compensation insurance or self-insurance programs "distinct from all other types of insurance," so the plans required by the state must necessarily fall within the ERISA exemption for plans "maintained solely for the purpose of complying with applicable workers' compensation laws." Barker v. Pick N Pull Auto Dismantlers, Inc., 819 F.Supp. 889, 892 (E.D.Cal.1993); 29 U.S.C. Sec. 1003(b). Regardless of whether the multibenefit ERISA plan duplicates workers' compensation coverage or provides better or worse coverage, the state requires "separate approved workers' compensation plans" and regulates only the separate workers' compensation plans, leaving the ERISA plans untouched. Shaw therefore controls and ERISA preemption does not bar the state workers' compensation requirement. Barker, 819 F.Supp. at 895.
 
 
 26
 Is the state telling employers how to write their ERISA plans, or conditioning some requirement on how they write their ERISA plans? Or is it telling them that regardless of how they write their ERISA plans, they must do something else outside and independently of the ERISA plans? If the latter, as here, there is no preemption. If the former, additional questions might need to be asked. See Shaw, 463 U.S. at 108, 103 S.Ct. at 2905; Barker, 819 F.Supp. at 895. But in this relatively simple case, we need not deal with those questions. California cannot tell employers how to write their ERISA plans. But its command that they secure payment of workers' compensation through state-licenced insurance or approved self-insurance does not control how they write their ERISA plans. The state's commands therefore cannot be escaped even by an ERISA plan that provides benefits at greater levels than mandated by state workers' compensation, as Employee Staffing claims. The power to determine whether the employer shall maintain a separately administered workers' compensation plan belongs to the State of California, not to the employer.
 
 
 27
 Plaintiffs argue that if they have to buy workers' compensation insurance, they will have no reason to provide so rich an ERISA plan as they do now. The suggestion is that this impact of the state workers' compensation law on their economic incentives amounts to an indirect effect relating to the ERISA plan. The economic effect of independent state requirements on employers' incentives in drafting ERISA plans should be distinguished from the legal effect of state commands regarding ERISA plans. Plaintiffs also suggest that economic efficiency would be advanced by allowing them to use one ERISA plan to provide equivalent workers' compensation benefits in all the states in which they supply workers. We venture no opinion on the economic desirability of such a scheme, or of enabling firms to avoid burdensome state workers' compensation requirements, or of the practical sense of a state requiring firms to duplicate workers' compensation benefits already provided in ERISA plans. We decide only that the State of California has power, not how it should exercise it. The practical policy decision about how to exercise that power, balancing the breadth and security of benefits against loss of jobs as payroll costs increase, must be left to the democratic process of the State of California.
 
 Permissive Intervention
 
 28
 Finally, the plaintiffs argue that the International Ladies Garment Workers' Union should not have been allowed to intervene as a defendant, because it does not represent any of plaintiffs' employees. The Union claims that we cannot review the order allowing intervention, because the plaintiffs did not specify it in their notice of appeal. That argument is incorrect, because the notice of appeal from the final judgment adequately preserved for appeal the interlocutory order allowing intervention. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1422-23 (9th Cir.1989).
 
 
 29
 We review whether the legal requirements of Rule 24(b) have been met de novo, and the discretionary decision to allow intervention for abuse of discretion. Beckman Indus. Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.1992). The Union argued for leave to intervene below on the ground that its staff had drafted the California registration law requiring certification of workers' compensation and lobbied it through the legislature, because its members were frequently employed by factories which did not buy workers' compensation insurance and other required protection for employees. Plaintiffs argue that this does not establish an interest sufficient for standing. We reject that argument, because the requirement of a legally protectable interest applies only to intervention as of right under Rule 24(a), not permissive intervention under Rule 24(b). S.E.C. v. United States Realty & Improvement Co., 310 U.S. 434, 459, 60 S.Ct. 1044, 1054, 84 L.Ed. 1293 (1940) (rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."); Cf. Sierra Club v. U.S. E.P.A., 995 F.2d 1478 (9th Cir.1993).
 
 
 30
 Plaintiffs argue that the district court abused its discretion because of the needless expansion of the litigation caused by the intervention. The Union's contribution might adequately have been made by an amicus curiae brief. See 7C Charles A. Wright & Arthur R. Miller et al., Federal Practice & Procedure Sec. 1913, at 392 (2d ed. 1986). Nevertheless the Union added no claims or issues to those already in the case, and did not complicate or delay resolution beyond the need of plaintiffs to respond to additional briefing. We have no "definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors." United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992) (citations omitted).
 
 
 31
 AFFIRMED.