Ross **FULLER,** as Trustee of the International Association of Entrepreneurs of America Benefit Trust; and Great Oaks Management, a Colorado corporation, Plaintiffs,

v.

Gale A. **NORTON,** Attorney General of the State of Colorado; and John Ehnes, Director, Colorado Division of Insurance, individually and in their professional capacities, Defendants.

No. 94–C–1742.

United States District Court,
D. Colorado.

March 24, 1995.

---

C. Scott Crabtree, Denver, CO.

Joseph A. Jordano, Omaha, NB.

Robert Howard, Asst. Atty. Gen., Denver, CO.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs Ross Fuller, as trustee of the International Association of Entrepreneurs of America Benefit Trust (Benefit Trust), and Great Oaks Management (Great Oaks), commenced this action against the defen-

dants Gale Norton, the Attorney General of Colorado, and John Ehnes, Director of the Colorado Division of Insurance (CDI). Plaintiffs seek declaratory and injunctive relief because of alleged violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* Defendants have filed a motion to dismiss, to which the plaintiffs have filed a response in opposition.

The issues have been fully briefed and oral argument would not be helpful. Jurisdiction is asserted pursuant to 29 U.S.C. § 1132(e).

## I. *BACKGROUND.*

Accepting the facts in the complaint as true, as the court must in deciding a motion to dismiss, the facts are as follows:

In 1992, a group of employers founded the International Association of Entrepreneurs of America (IAEA), a non-profit membership association whose purpose is to provide benefits to its members who are individual employers. By virtue of their membership in the IAEA, members may establish and maintain employee welfare benefit plans by making contributions to the Benefit Trust.[1] Benefits then are provided through the Benefit Trust. Great Oaks joined the IAEA and currently receives privileges of membership including workers' compensation coverage under the Benefit Trust.

On July 5, 1994, the CDI issued a cease and desist order to the IAEA, the Benefit Trust, and Great Oaks on the ground that Great Oaks was purchasing workers' compensation coverage for its employees and providing other insurance programs for their employees to purchase from the IAEA and the Benefit Trust. Neither IAEA nor the trust is authorized to sell insurance in Colorado. On July 26, 1994, the plaintiffs commenced this action alleging that Colorado, through the CDI, is unlawfully interfering with their rights to participate in an ERISA plan in violation of ERISA and 42 U.S.C. § 1983.

## II. *ANALYSIS.*

### A. *Claims Against the Attorney General of Colorado.*

Plaintiffs have asserted claims against Gale Norton, the Attorney General of Colorado, on the ground that she "is charged under Colorado law with enforcing Colorado's statutory provisions governing the business of insurance, including the enforcement of Workers' Compensation statutes." (Complaint at ¶ 10.) Defendants contend that the plaintiffs' claims should be dismissed as they relate to Ms. Norton because, in fact, she is not responsible for enforcing either insurance or workers' compensation laws in Colorado. Plaintiffs have not responded to the defendants' arguments.

Pursuant to Colo.Rev.Stat. § 10–1–108, the Commissioner of Insurance bears responsibility for enforcing Colorado's insurance laws. Similarly, under Colo.Rev.Stat. § 8–47–101(2), the Director of the division of workers' compensation is charged with enforcing state workers' compensation laws. The Attorney General may become involved in prosecuting related matters only at the request of the Commissioner of Insurance or the Director of workers' compensation. *See* Colo.Rev.Stat. §§ 8–43–401(1) and 10–3–904.

I conclude that the relief requested by the plaintiffs cannot be granted with respect to Ms. Norton because, as a matter of law, she is not vested with the powers alleged in the plaintiffs' complaint. Accordingly, the plaintiffs' claims must be dismissed as to Ms. Norton.

### B. *Younger Abstention.*

Defendants contend that this court lacks subject matter jurisdiction over the plaintiffs' complaint for the asserted reason that *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires abstention when the issues asserted in the complaint are being litigated in ongoing state proceedings. Plaintiffs respond that *Younger* abstention is inappropriate where there is no concurrent state jurisdiction over the plaintiffs' claims.

---

1. The Benefit Trust offers benefits for occupational accident and illness, death, dismember-

ment, health/hospitalization, and disability.

■ Where a plaintiff's claims invoke exclusive federal jurisdiction and thus cannot be tendered in a single state-court proceeding, abstention is not required. *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir.1980) ("[t]he ability to raise federal claims in state proceedings has always been a prerequisite to *Younger* abstention"; thus, abstention is inappropriate where claim is subject to exclusive federal jurisdiction); *General Motors Corp. v. Buha*, 623 F.2d 455, 459 (6th Cir. 1980) (abstention inappropriate where the plaintiff could not have initiated a state court action because of the preemption provision of 29 U.S.C. § 1132); *see also General Motors, Inc. v. California Bd. of Equalization*, 815 F.2d 1305, 1308–09 (1987); *Livolsi v. Ram Constr. Co.*, 728 F.2d 600, 601–02 (3d Cir. 1984).

■ Here, the plaintiffs' complaint invokes exclusive federal jurisdiction pursuant to 29 U.S.C. § 1132(e). Because the plaintiffs' ERISA claims cannot be litigated in Colorado state court, abstention would be inappropriate. Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

## C. *ERISA Preemption.*

Plaintiffs assert that pursuant to 29 U.S.C. § 1002(40), the IAEA is a non-fully insured multiple-employer welfare arrangement (MEWA).[2] They further contend that pursuant to ERISA, the Benefit Trust is exempt from Colorado's insurance laws because the State's laws are inconsistent with ERISA. Defendants assert that the plaintiffs' complaint should be dismissed because even if the Benefit Trust is a MEWA, the plaintiffs cannot establish as a matter of law that ERISA preempts enforcement of state insurance laws.

---

2. Section 1002(40), 29 U.S.C., provides:

   The term "multiple employer welfare arrangement" means an employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan), which is established or maintained for the purposes of offering or providing any benefit described in paragraph (1) to the employees of two or more employers ..., or to their beneficiaries....

Section 1144(a), 29 U.S.C., provides that "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." This preemption clause is limited, however, by a savings clause, intended to protect against interference with state regulation of the insurance industry. The savings clause provides: "Except as provided in subparagraph (B), nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

Subparagraph B, also known as the "deemer clause," provides: "Neither an employee benefit plan ..., nor any trust established under such a plan, shall be deemed to be an insurance company ... or to be engaged in the business of insurance ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts." 29 U.S.C. § 1144(b)(2)(B).

Finally, § 1144(b)(6)(A)(ii) provides an exception to the deemer clause, authorizing states to regulate non-fully insured MEWAs pursuant to their insurance codes "to the extent not inconsistent with the preceding sections of this subchapter." *See also Atlantic Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 5 (2d Cir.1993).

The Benefit Trust is not a fully-insured MEWA.[3] Accordingly, it can be regulated by state law to the extent not inconsistent with Title I of ERISA.

Defendants seek to regulate the plaintiffs in two distinct ways. First, the defendants have determined that the Benefit Trust is engaged in the business of selling insurance in Colorado, and have ordered it to cease its activities until it complies with state licensing requirements. Second, the defendants have informed Great Oaks that its providing work-

---

3. Section 1144(b)(6)(D) defines fully-insured MEWAs as those for which "the terms of the arrangement provide for benefits the amount of all of which the Secretary determines are guaranteed under a contract, or policy of insurance, issued by an insurance company, insurance service, or insurance organization, qualified to conduct business in a State." Plaintiffs admit that their MEWA is not fully insured.

ers' compensation benefits through the Benefit Trust does not comply with the requirements of Colo.Rev.Stat. § 8–44–101.[4] Defendants assert that pursuant to Colorado law Great Oaks must provide workers' compensation insurance through an approved insurer or, alternatively, it must apply to become a self-insurer.

Plaintiffs argue that the Colorado law the defendants seek to enforce is inconsistent with Title I of ERISA for the asserted reason that it requires MEWAs to change or alter their fundamental structure, or it forecloses the existence of MEWAs. In support of their position, the plaintiffs set forth a series of arguments seeking to persuade the court that: (1) Colorado cannot escape ERISA's preemptive effect by deeming MEWAs to be insurance, insurance companies, or engaged in the business of insurance, thus becoming subject to Colorado's insurance code; (2) Colorado law is inconsistent with ERISA because the Benefit Trust, as currently structured, cannot qualify to provide workers' compensation benefits under any of the Commissioner's suggested regulatory options; and (3) Colorado cannot regulate the MEWA's provision of workers' compensation benefits because it provides the level and type of workers' compensation benefits required by state law.

Each of the plaintiffs' arguments has been considered and rejected by the First, Second, and Ninth Circuits in cases presenting similar factual circumstances. *See Combined Management, Inc. v. Superintendent of the Bureau of Ins.,* 22 F.3d 1 (1st Cir.1994)[5]; *Employee Staffing Servs., Inc. v. Aubry,* 20 F.3d 1038 (9th Cir.1994)[6]; *Googins,* 2 F.3d 1.[7] I find those courts' holdings to be well reasoned and persuasive. Thus, I conclude that Colorado may regulate the Benefit Trust as an insurance company subject to its insurance code. *See* 29 U.S.C. § 1144(b)(6); *Googins,* 2 F.3d at 5. Additionally I conclude that the Colorado law which requires each employer to operate a separately-administered workers' compensation plan is not preempted by ERISA. *Combined Management,* 22 F.3d at 5–6; *Aubry,* 20 F.3d at 1040. This is true regardless of whether the ERISA benefits are equal or inferior to the state requirements. *Combined Management,* 22 F.3d at 5–6; *Aubry,* 20 F.3d at 1041–42; *see also* 29 U.S.C. § 1003(b)(3); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 108, 103 S.Ct. 2890, 2905–06, 77 L.Ed.2d 490 (1983).

Next, the plaintiffs argue that Colo. Rev.Stat. § 10–3–903.5 is inconsistent with Title I of ERISA for the asserted reason that it prohibits MEWAs that have been in existence for less than ten years from providing

---

4. Section 8–44–101, Colo.Rev.Stat., provides the methods by which employers in Colorado can provide workers' compensation insurance.

5. In *Combined Management, Inc. v. Superintendent of the Bureau of Ins.,* 22 F.3d 1 (1st Cir. 1994), the plaintiff provided its employees benefits through the IAEA Benefit Trust. The State of Maine, however, requires that workers' compensation be provided either through an insurance carrier authorized by the state, or through a self-insurance plan that meets the state's qualifications. The court held that ERISA does not preempt the state regulations, which in effect require a separately administered workers' compensation plan. The court also noted that the regulations do not require that the IAEA Plan be altered in any way, or that it provide or not provide any particular benefits. Accordingly, the court held that under 29 U.S.C. § 1144(a), the state regulations do not "relate to" the ERISA plan.

6. In *Employee Staffing Services, Inc. v. Aubry,* 20 F.3d 1038 (9th Cir.1994), the plaintiff sponsored an ERISA plan that covered work-related inju-

ries as well as medical, health, and life insurance benefits. The court held that the state cannot regulate the terms of the plaintiff's ERISA plan, or tell the plaintiff how to write its ERISA plan. The state can, however, require another, separately administered plan for workers' compensation, "[r]egardless of whether the multibenefit ERISA plan duplicates workers' compensation coverage or provides better or worse coverage." *Id.* at 1041.

7. In *Atlantic Healthcare Benefits Trust v. Googins,* 2 F.3d 1 (2d Cir.1993), the plaintiff was a self-funded trust that provided health and welfare benefits to participating employers who were members of the corporation that established the trust. The court held that 29 U.S.C. § 1144(b)(6) authorizes states to regulate MEWAs as insurance companies to the extent not inconsistent with ERISA. The court went on to find that none of Connecticut's regulations requiring a certificate of authority to transact business in the state were inconsistent with ERISA.

benefits in Colorado. Section 10–3–903.5 provides that state laws that regulate insurance or insurance companies do not apply to MEWAs that have been in existence continuously since at least January 1, 1983.[8] This section, however, does not, as the plaintiffs assert, prevent more recently established MEWAs from doing business in Colorado. Rather, it is a grandfather clause that tracks changes in federal law, merely having the effect of subjecting newer MEWAs to state insurance regulations as permitted by 29 U.S.C. § 1144(b)(6)(A)(ii). Thus, I conclude that Colo.Rev.Stat. § 10–3–903.5 is not inconsistent with ERISA, and is therefore not preempted by 29 U.S.C. § 1144(a).

Accordingly IT IS ORDERED that

(1) Defendants' motion to dismiss is granted; and

(2) Plaintiffs' complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

**8.** For a MEWA to be exempt from state insurance laws pursuant to § 10–3–903.5, the MEWA must meet numerous other qualifications in addition to having been in continuous existence since January 1, 1983. The longevity requirement, however, is the only one challenged by the plaintiffs.