Ross **FULLER**, as Trustee of the International Association of Entrepreneurs of America Benefit Trust, Plaintiff–Appellant,

v.

Carol **SKORNICKA**, as Secretary of the Department of Industry, Labor and Human Relations of the State of Wisconsin, and Josephine W. Musser, as Wisconsin Commissioner of Insurance, Defendants–Appellees.

No. 95–2002.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 12, 1996.

Decided March 28, 1996.

Jonathan Aked (argued), Lafollette & Sinykin, Madison, WI, for Plaintiff–Appellant.

Monica Burkert-Brist (argued), James E. Doyle, Office of the Attorney General, and Richard Briles Moriarty, Wisconsin Depart-

ment of Justice, Madison, WI for Defendants–Appellees.

Before POSNER, Chief Judge, BAUER and KANNE, Circuit Judges.

BAUER, Circuit Judge.

The issue in this appeal is whether the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), preempts two sections of the Wisconsin Workers' Compensation Act. The district court found that it did not. We agree and affirm.

## BACKGROUND

Ross Fuller, in his capacity as Trustee for the International Association of Entrepreneurs of America Benefit Trust ("Trust"), filed a declaratory judgment action against the appropriate Wisconsin officials to preclude the state from requiring the Trust to become licensed as an insurance company in order to provide workers' compensation benefits. Though Fuller raised claims against both Carol Skornicka and Josephine Musser, only the preemption claim against Skornicka is at issue in this appeal. The Trust is a multiple employer welfare arrangement as defined by 29 U.S.C. § 1002(40). Employers who belong to the Trust can offer the "Trust Welfare Benefit Plan" ("Plan") to its employees. The Plan offers benefits for occupational accident and illness, death, dismemberment, health/hospitalization, and disability coverage. Neither the Trust nor the Plan is an insurer licensed to do business in Wisconsin.

In May 1994, the Wisconsin Department of Industry, Labor and Human Relations ("DILHR") instituted closure proceedings against a Plan member, Mortenson Trucking, Inc. ("Mortenson"). DILHR questioned whether Mortenson was complying with the requirement that workers' compensation be paid either through an insurer, or through self-insurance. Wis. Stat. §§ 102.28(2)(a)-(b). Mortenson challenged the closure order in state court. That action has been stayed pending the outcome of this appeal. Fuller filed this action in federal court on August 24, 1994, alleging that ERISA preempted DILHR's actions.

Skornicka moved to dismiss Fuller's complaint for failing to state a claim. Fed. R.Civ.P. 12(b)(6). The district court found that the unanimous weight of authority supported Skornicka because ERISA expressly exempts workers' compensation laws from its coverage. 29 U.S.C. § 1003(b)(3). The district court adopted the reasoning of decisions by the United States Courts of Appeals for the First and Ninth Circuits and dismissed Fuller's claim.

## ANALYSIS

■ We review the district court's dismissal de novo, accepting all the well-pleaded allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. The Kingdom of Saudi Arabia,* 73 F.3d 1423, 1429 (7th Cir.1996). Under 29 U.S.C. § 1144(a), ERISA preempts "all state laws insofar as they may now or hereafter relate to any employee benefit plan...." A state law "relates" to an ERISA covered plan "if it has a connection with or reference to such a plan." *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 129, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992) (citation omitted).

■ Although ERISA preemption is broad, it is not limitless. *Employers Resource Management Co., Inc. v. James,* 62 F.3d 627, 634 (4th Cir.1995). In particular, states retain authority in the workers' compensation context because ERISA does not preempt a benefit plan if "such plan is maintained solely for the purpose of complying with applicable workmen's compensation laws...." 29 U.S.C. § 1003(b)(3).

In deciding this appeal, we are not writing on a clean slate. Far from it. We are the fifth federal court of appeals to address similar state statutes vis-a-vis ERISA preemption. See *Employers Resource Management Co., Inc. v. James,* 62 F.3d 627 (4th Cir.1995); *Contract Services Employee Trust v. Davis,* 55 F.3d 533 (10th Cir.1995); *Combined Mgt. v. Superintendent of Bur. of Ins.,* 22 F.3d 1 (1st Cir.), *cert. denied,* —— U.S. ——, 115

S.Ct. 350, 130 L.Ed.2d 306 (1994); *Employee Staffing Services, Inc. v. Aubry,* 20 F.3d 1038 (9th Cir.1994). So far, Fuller and his counterparts are zero for four. In fact, Fuller's Trust was the losing party in *Combined Management,* 22 F.3d at 8. Fuller reminds us that we are not bound by the decisions of the other circuits and suggests how we can "avoid the pitfalls that those courts did not [in] reaching altogether illogical results." We appreciate Fuller's concern, but although we are not bound by decisions from other circuits, we give due weight to the fact that four other circuits have ruled unanimously against Fuller's position. *See Czerkies v. United States Dept. of Labor,* 73 F.3d 1435, 1438 (7th Cir.1996) (*en banc*). Now make that five.

Wisconsin requires that all providers of workers' compensation insurance in Wisconsin must be licensed insurers or must self-insure. Wis. Stat. §§ 102.28(2)(a)-(b). The result of this state regulation is that if an employer wants an ERISA plan to provide workers' compensation benefits, it must maintain a separate workers' compensation plan. Fuller contends that this is anathema under ERISA because it creates a dreaded "patchwork" of state regulations. *See Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 11, 13, 107 S.Ct. 2211, 2217, 2218–19, 96 L.Ed.2d 1 (1987). However, given that Congress explicitly exempted workers' compensation from the scope of ERISA preemption, it must have anticipated some level of patchwork state regulation and decided that the states' interest in workers' compensation laws outweighed that concern. *See Employee Staffing Services,* 20 F.3d at 1041–42.

Fuller's argument centers on the word "solely" in the workers' compensation preemption exemption. Fuller contends that because the Plan offers comprehensive benefits including workers' compensation, it is not maintained "solely for the purpose of complying with applicable workmen's compensation laws...." 29 U.S.C. § 1003. The four circuits that have considered this question have rejected it on the basis of *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). *Shaw* addressed a state disability insurance provision, also exempt from preemption under ERISA. 29 U.S.C. § 1003. In *Shaw,* the Court held that

> while a State may not require an employer to alter its ERISA plan, it may force the employer to choose between providing disability benefits in a separately administered plan and including the state-mandated benefits in its ERISA plan. If the State is not satisfied that the ERISA plan comports with the requirements of its disability insurance law, it may compel the employer to maintain a separate plan that does comply.

463 U.S. at 108, 103 S.Ct. at 2906.

Under *Shaw,* Fuller's preemption argument fails. Fuller contends that a state may regulate workers' compensation insurance only if it is maintained as a separate plan, and that the state therefore is precluded from regulating workers' compensation if bundled with a comprehensive ERISA plan. However, as the First Circuit aptly noted, the Plan or Trust cannot "don the mantle of ERISA preemption simply by including workers' compensation benefits in its welfare benefit plan and thereby escape the requirements of [state] law." *Combined Management, Inc.,* 22 F.3d at 5.

Wisconsin is not telling employers how to write their ERISA plans. Rather, consistent with ERISA's workers' compensation preemption exemption, Wisconsin is telling employers that regardless of how they write their ERISA plans, they must secure payment of workers' compensation through state-licensed insurance or approved self-insurance. This it is entitled to do. Accordingly, we hold that ERISA does not preempt sections 102.28(2)(a)-(b) of the Wisconsin Workers' Compensation Act.

## CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Fuller's preemption claim.

AFFIRMED.