United States Court of Appeals,

Fifth Circuit.

No. 92-3473.

Daniel R. NESOM, Plaintiff-Appellee,

v.

BROWN AND ROOT, U.S.A., INC., et al., Defendants,

UNUM Life Insurance Company, Defendant-Appellant.

April 12, 1993.

Appeals from the United States District Court for the Middle District of Louisiana.

Before POLITZ, Chief Judge, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

The district court refused to allow a disability carrier to deduct the amount of a worker's compensation award in calculating monthly disability benefits. 790 F.Supp. 123. Because we conclude that the judgment contradicts a policy provision permitting the insurer to deduct workers' compensation benefits, we vacate and remand.

I.

Plaintiff-Appellee Daniel Nesom was left totally disabled by an injury in 1985. He claimed both workers' compensation from his employer, Brown & Root USA, Inc., and benefits from Defendant-Appellant UNUM Life Insurance Company of America ("UNUM") under a long-term disability policy issued to Brown & Root. The employer initially disputed that the injuries were work related, and Nesom filed his workers' compensation claim in state court. UNUM admitted liability under the disability policy and in May 1986 began paying Nesom sixty percent of his monthly earnings, the maximum benefit under the policy, which was $1,248 per month.

The state court eventually resolved the compensation claim in Nesom's favor in 1990, finding that the accident was work related. Because the employer had paid part of the premiums for the

UNUM disability policy, the state court applied a Louisiana statute[1] allowing the employer a reduction in compensation benefits for disability benefits from a plan to the extent it was funded by the employer. Under this statute, the state court took into account UNUM's disability benefits (provided in part through the employer's contribution to premiums) and reduced the workers' compensation payable from the adjudged maximum of $254 weekly to $187.88 weekly; the court also granted compensation benefits retroactively from shortly after the accident to the date of the judgment.[2]

## II.

With notice of the workers' compensation judgment in Nesom's favor, UNUM reduced its

---

[1]The statute provides,

> If an employee receives remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) old-age insurance benefits, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, ... so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury.

La.Rev.Stat.Ann. § 23:1225C.(1) (West 1985) (amended 1989).

[2]The state court held

> 3. That the maximum compensation rate payable as a result of the accident is $254.00 per week.

> 5. ... that Nesom is receiving disability income benefits under a disability benefit plan in the amount of $1248.00 per month, which were funded 50% by the employee and 50% by the employer, Brown & Root, U.S.A., Inc.; and, that after applying the reduction for the disability income benefits pursuant to Section 1225, the worker's compensation weekly benefit payable by defendants is reduced to $187.88 for every week during which Nesom has received, is receiving or will receive disability income benefits from said plan. The weekly worker's compensation benefit of $187.88 is to be paid in addition to Nesom's disability income benefits of $1,248.00.

> 9. That temporary total disability benefits are due and payable in the amount of $254.00 per week from November 23, 1985 through May 23, 1986.

> 10. That temporary total disability benefits in the amount of $187.88 per week are due and payable from May 23, 1985 to present and thereafter unless and until modified by subsequent order or judgment.

1R.114-15.

monthly payments to Nesom in accordance with a policy provision allowing a deduction for "other income benefits."[3] The policy defines this phrase to include "[t]he amount for which the insured is eligible under ... Workers' or Workmen's Compensation Law." 1R.46. UNUM began deducting $814.15 (the monthly yield of the $187.88 weekly award), from its $1,248 monthly payment, for a new monthly balance of $433.85.

UNUM also considered the lump sum retroactive compensation award to be "other income benefits." It concluded that it had overpaid benefits from the date it commenced payments through the date of the state court judgment, because it had been paying the full sixty percent of earnings without any reduction for workers' compensation benefits. UNUM requested that Nesom repay the alleged excess disability benefits for that time period, but Nesom refused. UNUM then began applying its monthly $433.85 payment towards recouping the excess benefits paid, reducing Nesom's monthly payment to $0 till the excess was fully recovered.

Dissatisfied with this practice, Nesom reinstated his state court proceedings and added UNUM as a third-party defendant. UNUM removed the suit to federal court, and the federal district court remanded the workers' compensation aspect of the matter. On cross-motions for summary judgment, the district court ruled in favor of Nesom, disallowing UNUM a setoff. From this judgment and an adverse attorneys' fee award, UNUM appeals.

### III.

UNUM's policy is an employee welfare benefit plan governed by the Employee Retirement

---

[3]The policy calculates the "monthly benefit" as follows:

> 1. Multiply the insured's basic monthly earnings by the benefit percentage [60%] ...
>
> 2. Take the lesser of the amount:
>
> a. determined in step (1) above; or
>
> b. of the maximum monthly benefit ...; and
>
> 3. Deduct other income benefits....

1R.46. "Other income benefits" include, among others, workers' compensation and social security disability benefits.

Income Security Act of 1974 ("ERISA"). In this civil action seeking determination of benefits under an ERISA plan, ERISA provides the exclusive remedy and preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C.A. §§ 1144(a), 1132(a)(1)(B) (West 1985); *see also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987).[4]

Although the district court recognized the UNUM policy as part of an ERISA plan, it nevertheless "deferred" to state law in computing the monthly disability benefit, reasoning that the plan itself defers to state law. This conclusion was based on the policy definition of "other income benefits," a phrase defined to include an amount for which the employee is eligible under workmen's compensation law.

a) *"Eligible under Workmen's Compensation Law".*

The policy's formula for benefits allows a deduction of "[t]he amount for which the insured is eligible under ... Workers' or Workmen's Compensation Law." 1R.46. The district court held that eligibility under workers' compensation law as determined by the state court could not be changed by a federal court. We agree.

The district court further concluded, however, that "Nesom's *eligibility for and the amount of* his worker's compensation is his receipt of full disability benefits under the UNUM policy." 2R.391 (emphasis added). In defense of this ruling, Nesom maintains that the state court's order that compensation benefits be paid "in addition to" disability benefits is effectively a ruling that he is entitled to receive full disability benefits.

We disagree. The state judge was calculating Nesom's workers' compensation benefits—not his benefits under UNUM's disability plan. The state court ruling that the workers' compensation

---

[4]The appropriate standard of review to apply in an action challenging denial of benefits based on plan interpretation is de novo, unless the benefit plan gives the fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *Vasseur v. Halliburton Co.,* 950 F.2d 1002, 1006 (5th Cir.1992). Claims are filed with the insurer under the UNUM policy, but the plan gives the insurer no discretion in determining eligibility or in interpreting the plan. Accordingly, we review the plan interpretation upon which the denial of benefits was based de novo.

benefits be "in addition to" disability benefits does not bind UNUM to pay the full $1,248 disability benefit or limit its contractual right of setoff. Although the state court *considered* the benefits under disability plans in the proportion funded by an employer (as required under Rev.Stat. § 23:1225C.(1) to calculate Nesom's compensation benefits), the court did not make those disability benefits *part of* the workers' compensation award.[5]

b) *"In Lieu of" Requirement for Compensation Coverage*

As a second explanation for its deference to the state court judgment, the district court relied on a policy provision that the policy "is not in lieu of, and does not affect, any requirement for coverage by workers' or workmen's compensation insurance." 1R.60. The district court declared that this provision indicates the plan's intent to defer to state law, reasoning that if the disability policy is not in lieu of any requirement to pay the insured workers' compensation benefits, then the policy must be in addition to any benefits received. 2R.393.

Again we disagree. We will not equate the phrase "requirement for coverage" with "requirement to pay benefits." The provision for "requirement for coverage by insurance" is irrelevant to this dispute. Rather, this provision plainly means that the UNUM disability policy will not satisfy any requirement (as by state law) that Brown & Root demonstrate that it holds a workers' compensation policy.

c) *No Deference to State Law on Amount of Disability Benefits*

Nothing in the policy ousts federal law or defers to a state court's determination of the amount of disability benefits owed.[6] The policy unambiguously defers to state law only for the amount of workers' compensation benefits to be considered as "other income benefits." The policy's

---

[5]Contrasting paragraphs 5 and 10 of the state court order (see supra note 2), we note that the state court mentioned the disability award only in calculating the reduction under the statute (para. 5); in summation it awarded "temporary total disability benefits in the amount of $187.88 per week" (para. 10) without mentioning the disability income benefits.

[6]Nesom's argument that the Louisiana statute allowing the employer a setoff against workers' compensation benefits (Rev.Stat. § 23:1225C.(1)) fits within the ERISA "savings clause" (escaping preemption) misses the mark. The statute was applied only by the state court to calculate workers' compensation benefits and was not applied by the district court in these proceedings to prohibit an offset by the disability carrier, as Nesom suggests. The state statute presents no preemption issue.

reference to state law for the "amount for which the insured is eligible under ... Workers' ... Compensation Law" does not defer to state law on the issue of the amount of disability benefits or the insurer's right to integrate benefits. To the contrary, the policy envisions that once the amount of workers' compensation is determined under state law, that amount will be setoff under the policy.

Nesom also contends that the state court order "indirectly prohibits UNUM from taking a mutually repugnant offset." The setoff of compensation benefits under the plan is not repugnant to any offset by the state court. UNUM's policy guarantees Nesom payment of sixty-percent of his income during his disability. The setoff provision deals with the source of funds; it integrates benefits from several sources to achieve this agreed upon level, without reducing it.

Nesom is concerned that he has no means of modifying the final judgment in state court to obtain the additional workers' compensation benefits due as a result of the offset claimed by UNUM. In calculating the "remuneration from ... benefits under disability plans" under the Louisiana statute[7] allowing the employer to aggregate a proportion of such benefits, the state court properly considered the entire remuneration guaranteed under the plan (sixty percent of Nesom's income). A federal court must then apply the integration clause in the plan. Assuming that the state court was correct in calculating workers' compensation, we discern no incentive for the litigants to return to state court to adjust the compensation benefits as a result of the setoff allowed in this litigation. We conclude that UNUM's right to setoff disability benefits under the plan is not repugnant to or limited by the state court order.

Nesom concedes that an integration-of-benefits or setoff provision does not violate ERISA and is enforceable by federal law. *See Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 521, 101 S.Ct. 1895, 1095, 68 L.Ed.2d 402 (1981). Such a matter is left to the discretion of the plan designers. *Id.* at 525, 101 S.Ct. at 1907. The UNUM policy includes such an integration or offset provision by allowing a deduction for workers' compensation benefits.

For purposes of the integration provision, we hold that the state court judgment established Nesom's "eligibility under workers' compensation law" at $187.88 per week, not $187.88 per week

---

[7]La.Rev.Stat.Ann. § 23:1225C.(1).

plus $1248 per mo nth, as Nesom argues. The $1248 is not part of Nesom's entitlement under workers' compensation law. Accordingly, enforcement of the policy provision for a deduction of the amount for which Nesom is eligible under workers' compensation law allows UNUM to deduct $187.88 weekly from its monthly disability payment. In calculating the monthly benefit due Nesom, UNUM properly subtracted the monthly yield of the workers' compensation benefit ($814.15) from $1248 for a monthly benefit of $433.85.

IV.

The state court granted a retroactive award from May 1986 to the date of the judgment (April 25, 1990) resulting in a lump sum award for that period.[8] This lump sum award was in the approximate amount of $39,000.[9] The plan provides that the monthly benefit is calculated by deducting "other income benefits" from a percentage of the insured's earnings and further provides, "Other income benefits which are paid in a lump sum will be prorated on a monthly basis over the time period for which the sum is given." 1R.48.

Nesom argues that this provision in the plan would permit UNUM a deduction of a lump sum award of workers' compensation benefits only if the lump sum award constituted settlement of future workers' compensation benefits, but not if it represented past benefits. We disagree. The plan clearly anticipates a reduction in benefits upon receipt of a lump sum payment of other income benefits. Accordingly, we hold that UNUM is entitled to recoup the retroactive award from future benefits payable, notwithstanding that the relevant language says nothing about retroactivity. *See, e.g., Madden v. ITT Long Term Disability Plan for Salaried Employees,* 914 F.2d 1279, 1287 (9th Cir.1990) (upholding plan's recovery of retroactive social security award under general plan provision for reduction of benefits by any social security benefits, even though plan contained no specific provision for retroactive reimbursement), *cert. denied,* --- U.S. ----, 111 S.Ct. 964, 112 L.Ed.2d 1051

---

[8]See paragraph 10 of the order, quoted above in note 2. Although the state court order says "from May 23, 19*85,*" it is apparent from paragraph 9 of the order that May 23, 19*86* rather than 1985 was intended. According to the briefs, May 1986 was when UNUM began paying disability benefits, triggering the reduction under the Louisiana statute.

[9]The judgment provided for a weekly award of $187.88 from May 23, 1986 through April 25, 1990, a period of about 204 weeks.

(1991); *Stuart v. Metropolitan Life Ins. Co.,* 664 F.Supp. 619, 623-24 (D.Me.1987) (holding that recoupment of retroactive lump sum social security award by withholding of future benefits did not violate plain language of provision that benefits be reduced by social security benefits, notwithstanding that relevant language says nothing about retroactivity), *aff'd,* 849 F.2d 1534 (1st Cir.), *cert. denied,* 488 U.S. 968, 109 S.Ct. 496, 102 L.Ed.2d 533 (1988).[10]

In support of his argument that the policy does not allow recoupment of workers' compensation benefits already paid, Nesom contrasts a plan provision requiring a participant to repay overpaid benefits caused by a retroactive social security award. The plan allows UNUM to estimate the amount of pending (but unpaid) social security claims in deducting "other income benefits" under the policy. 1R.47-48. If social security benefits are later actually awarded in a greater amount than the estimate, then the insured "promises to repay us any overpayment caused by [the] award." (If social security benefits are denied, UNUM will make "a lump sum refund of the estimated amounts.")

Although we disagree with Nesom that this provision for UNUM's recovery of social security payments precludes UNUM's recoupment of a lump sum award of *other* types of "other income benefits," we do find the comparison instructive as to *when* UNUM may recover the excess benefits paid. The policy contains no promise by Nesom to repay immediately the entire overpayment caused by a lump sum award except in the above-quoted social security provision. As for a lump sum workers' compensation award, the plan provides only that it "will be prorated on a monthly basis over the time period for which the sum is given." 1R.48.

We construe this provision as allowing UNUM to recoup the retroactive award by withholding from monthly benefits otherwise payable, but not by immediate repayment from Nesom of the entire retroactive award (as UNUM initially sought). The maximum amount of monthly recoupment is the amount of the lump sum award divided by (prorated over) the number of months for which the award was given. A month's pro rata share of the lump sum workers' compensation award is $814.15. Recoupment is further limited, however, by the amount of benefits otherwise

---

[10]Although the *Madden* court deferred to the plan administrator's discretion and reviewed for arbitrariness or caprice, we reach our result construing this plan under a de novo standard. The *Stuart* court interpreted the contract provision as a matter of law.

payable ($433.85) and also by the plan's minimum benefits provision.[11] Finally, considering that the award was given for the period from May 1986 to April 1990, the maximum time period UNUM may continue recoupment is 47 months (the number of months represented by the lump sum award), notwithstanding that UNUM will not achieve recovery of the entire retroactive award during that time period.

In sum, the lack of any unambiguous provision for recovery of the excess benefits as an overpayment limits UNUM's right of recovery to recoupment over time. The provision for prorating the lump sum award permits recoupment from future benefits of the retroactive workers' compensation benefits on a monthly basis over 47 months. The effect of this ruling is that, assuming Nesom remains disabled, UNUM will pay only the minimum monthly benefit, $124.80, for 47 months, the number of months represented by the award. Thereafter UNUM may pay benefits in the amount of $433.85, which is the benefit percentage of Nesom's salary reduced by the amount of workers' compensation benefits he will be receiving.

V.

Upon ruling in favor of Nesom, the district court awarded him attorney's fees. ERISA permits an award of attorney's fees to either party,[12] depending upon (among other factors) bad faith and the relative merits of the parties' positions. *See Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980). A different decision on the merits may warrant reversal of the decision on attorneys' fees. *Id.* We vacate Nesom's fee award and remand for reconsideration of the request for fees.

UNUM's request for fees in this appeal and Nesom's request for fees for responding to this appeal are denied.

VI.

---

[11]Following the monthly benefit calculation, the policy provides, "The benefit payable will never be less than the minimum monthly benefit shown in the policy specifications." 1R.46. The policy specifications define the minimum monthly benefit as the greater of $100.00 or "10% of the monthly benefit before deductions for other income benefits." 1R.32. The 10% figure will prevail here, as it is the greater (10% of $1,248 is $124.80).

[12]29 U.S.C. § 1132(g)(1) (West Supp.1985).

We find no deference to state law in the ERISA plan that would preclude enforcement of the setoff provision.  Federal law honors the integration provision.  Enforcement of the provision allows UNUM a credit for both the prospective workers' compensation benefits and the lump sum award.  The deduction for the lump sum award may be taken only from future monthly benefits, pro rata over the number of months represented by the award, subject to the minimum monthly benefit.

Accordingly, to take credit for Brown & Root's retroactive worker's compensation payment and assuming Nesom's continued disability, UNUM can reduce its monthly payment to $124.80 for a period of 47 months.  Thereafter UNUM shall be obliged to pay $433.85 per month so long as Nesom remains disabled.  We VACATE the judgment of the district court and REMAND for entry of judgment or for further proceedings, if necessary, consistent with our ruling.

The requests for attorney's fees on appeal are DENIED.

. . . . .

. . . . .