CONTRACT SERVICES EMPLOYEE TRUST, Board of Trustees, a multi-employer plan; Contract Services Employee Trust, a multi-employer plan, Plaintiffs–Appellants,

and

Local 211 Contract Services Union, an Oklahoma not-for-profit corporation, a division of Financial Consultants Guild of America; Contract Services Network, Inc., a New York corporation, Plaintiffs,

v.

Marcia DAVIS, an Administrator of the Oklahoma Workers' Compensation Court; Dave Renfro, as Commissioner of the Oklahoma State Department of Labor, Defendants–Appellees,

and

Bradley D. Archer; Ray B. Wingate; Van C. Johnson; David M. Sturgeon; Nickey N. Owens; State Insurance Fund, State of Oklahoma; Elton Newsom; Keith Swafford; Eric Bejcek; Bruce Jacob; John Knox; Danny Morris; Yolanda Comba; Donald Hume; Jerald Bailey; Elgin Beavers; John Frederick Bruder, Defendants.

No. 93–6373.

United States Court of Appeals, Tenth Circuit.

May 22, 1995.

**534**

John A. Claro (Jeffrey A. Lee of Claro & Claro; of Counsel: C. Craig Cole of Cole, Johnson & Rudkin, Oklahoma City, OK, and Howard C. Hay and Eric C. Sohlgren of Paul, Hasting, Janofsky & Walker, Costa Mesa, CA, with him on the brief), for plaintiffs-appellants.

Kayle A. Bower (Michael M. Sykes, Oklahoma Dept. of Labor, Oklahoma City, OK, for State of Oklahoma, ex rel., Dave Renfro, Commissioner of Labor, and Marcia Davis, Adm'r of the Workers' Compensation Court), for defendants-appellees.

Thomas S. Williamson, Jr., Sol. of Labor; Marc I. Machiz, Associate Sol., Plan Benefits Security Div.; Karen L. Handorf, Counsel for Decentralized and Special Litigation; and Elizabeth A. Goodman, U.S. Dept. of Labor, Plan Benefits Security Div., Washington, DC, for Secretary of Labor, amicus curiae.

John M. Rea, Chief Counsel, Vanessa L. Holton, James D. Fisher, Ornah R. Becker, Dept. of Industrial Relations, San Francisco, CA, for Lloyd W. Aubry, Jr.; and H. Thomas Cadell, Jr., Chief Counsel, Anne Hipshman, Miles E. Locker, Dept. of Industrial Relations, San Francisco, CA, for Victoria Bradshaw, Labor Com'r, Div. of Labor Standards Enforcement, amici curiae.

Michael E. Carpenter, Atty. Gen., and James M. Bowie, Asst. Atty. Gen., Maine State Dept. of the Atty. Gen., for the State of Maine, amicus curiae.

Before MOORE and ANDERSON, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

The central issue in this appeal is whether the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, preempts certain provisions of the Oklahoma Workers' Compensation Act (Act), 85 O.S. § 1, *et seq.* The district court held that ERISA did not preempt. We agree and therefore affirm. Some background.

Contract Services Network, Inc., hereinafter referred to as Contract Services, is a multi-employer trade association whose membership is composed of employer entities. Approximately one-third of its membership consists of employers whose business is employee leasing and who lease employees to numerous businesses in approximately twelve states, including Oklahoma. The other two-thirds of its membership maintain traditional employment relationships. Contract Services' primary function is to serve as bargaining agent for its membership.

Contract Services Union, Local 211 (Union), is a labor organization which represents a majority of each of the employer entities belonging to Contract Services. Contract Services and the Union entered into a collective bargaining agreement (CBA) which contained numerous provisions establishing the terms and conditions of employment for the covered employees.

Certain provisions of the CBA require Contract Services' membership to provide medical benefits for their employees through a management trust fund to be known as Contract Services Employee Trust (Trust). Through the Trust, and its Plan, the employer members of Contract Services provide their employees with multiple benefits and the Trust pays for extensive health and welfare benefits for employees, which include medical coverage, death benefit coverage, emergency room care, vision care and hearing aid benefits for injuries and illnesses which occur both at and away from the workplace. The Trust is administered by an equal number of management and Union trustees. The Trust, under its Plan, was required, *inter alia,* to provide medical benefits for all work-related injuries and further provided for mandatory arbitration of disputed claims. Plaintiffs alleged that the Trust was established pursuant to ERISA, and the Trust, and its Trustees, were assumed by the district court to be an ERISA "fiduciary."

What apparently triggered the present controversy is that several covered employees who had sustained occupational injuries, and who apparently had collected some benefits from the Trust, filed workers' compensation suits against several employer members of Contract Services in the Oklahoma Workers' Compensation Court seeking to make recovery for the same work-related injury.

In any event, it was in this general setting that the Trust and its Board of Trustees, the Union, and Contract Services brought the present action in the United States District Court for the Western District of Oklahoma. Named as defendants were Marcia Davis, the Administrator of the Oklahoma Workers' Compensation Court, and Dave Renfro, the Commissioner of the Oklahoma State Department of Labor. Later, the State Insurance Fund of the State of Oklahoma was added as a defendant.

In their Second Amended Complaint, the plaintiffs sought a declaratory judgment that certain provisions of the Oklahoma Workers' Compensation Act were preempted by ERISA, and, if not by ERISA, were preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141–87 and in connection therewith asked for injunctive relief. The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The district court granted the motion and dismissed the complaint with prejudice, holding, *inter alia,* that the so-called ERISA Trust did not preempt 85 O.S. §§ 61–64 of the Oklahoma Workers' Compensation Act.[1] As indicated, we agree.

After the present appeal was fully briefed, but before oral argument, two circuits considered the question here involved, although, of course, neither involve the Oklahoma Workers' Compensation Act. In *Combined Management, Inc. v. Superintendent of the Bureau of Insurance of the State of Maine,* 22 F.3d 1 (1st Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 350, 130 L.Ed.2d 306 (1994), the First Circuit Court of Appeals affirmed a judgment of a district court and held that ERISA did not preempt Maine law requiring separately administered workers' compensation plans.[2]

---

1. Sections 61–64 of the Oklahoma Workers' Compensation Act set forth the methods by which an employer shall secure compensation to his employees, the penalties for failure to secure payment of workers' compensation insurance and general requirements of workers' compensation insurance policies. 85 O.S. §§ 61–64.

2. In *Combined Management,* the First Circuit construed the workers' compensation statute of Maine which, like the Oklahoma law, required that employers provide workers' compensation

insurance either through a state-approved insurance carrier or through a self-insurance plan meeting the state's qualifications. In that regard, Maine, like Oklahoma, required self-insured employers to provide evidence of their financial solvency and to meet certain funding requirements. See 85 O.S. § 61. The employer argued that "a state law that creates a significant economic impact on an ERISA plan, without more, sufficiently 'relates to' the plan and is therefore preempted." 22 F.3d at 6–7. The em-

In *Employee Staffing Services v. Aubry*, 20 F.3d 1038 (9th Cir.1994), the Ninth Circuit Court of Appeals affirmed a judgment of a district court and held that ERISA did not preempt California's workers' compensation plan even though the employer in that case provided coverage for work-related injuries as part of a multi-benefit ERISA plan.[3]

In each of these cases the argument that there was a so-called ERISA preemption of provisions of state workers' compensation law was carefully considered, and rejected. The insurance provisions of Maine's and California's workers' compensation statutes challenged in these cases are virtually identical to the challenged Oklahoma statute. We are in complete accord with the result and reasoning of the First and Ninth Circuits, and on that basis we affirm the district court's holding in the instant case that ERISA does not preempt the Oklahoma workers' compensation law.[4] As the First Circuit noted, a trust cannot "don the mantle of ERISA preemption simply by including workers' compensation benefits in its welfare benefit plan and thereby escape the requirements of Maine's law." *Combined Management, Inc.*, 22 F.3d at 5. The same statement applies with equal force to the Trust and its efforts to avoid Oklahoma's workers' compensation laws.

■ Alternatively, the plaintiffs argued in the district court that the Oklahoma workers' compensation law is also preempted under Section 301 of LMRA. In this regard, the district court held that Section 301 of LMRA preempts state law "only if such application requires interpretation of a collective bargaining agreement," citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). We agree that we are not here concerned with an interpretation of a collective bargaining agreement.[5]

In this Court the plaintiffs also claim that Oklahoma workers' compensation law is preempted by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* In this regard, the Trust plan provides for arbitration of disputed claims, whereas Oklahoma law requires injured workers to file claims for injuries on the job with the Oklahoma Workers' Compensation Court. However, as far as we can tell from the record before us, this particular matter was not raised in the district court. It was not alleged in any of the complaints, nor was it ruled on by the district court. In

ployer urged the court to hold that the Maine law "related to" the plan because it affected the cost of providing ERISA benefits offered in a multi-benefit plan.

The First Circuit, after first noting the exemption contained in § 4(b)(3) of ERISA, analyzed and rejected the "significant economic impact" argument, holding that although the state law obviously had an economic impact on the employer, it did not have an economic impact on the plan itself. In order for the preemption analysis to apply, the court noted, "the increased cost or administrative burdens imposed by the state law must have some connection to the covered ERISA plan...." *Id.* at 7. Hence, the court concluded that Maine's law did not "relate to" an ERISA plan and therefore was not preempted.

3. In *Aubry*, the Ninth Circuit reached a similar conclusion. The employer sponsored an ERISA plan which, *inter alia*, covered work related injuries. The State of California ordered a subsidiary of the employer whose workers were covered by the plan to stop using any employee labor until it had secured workers' compensation insurance. California, like Oklahoma, also required employers to carry insurance on their

workers' compensation plans. The court held that the requirements of California's workers' compensation laws were not preempted by ERISA and noted that "[t]he economic effect of independent State requirements on employers' incentives in drafting ERISA plans should be distinguished from the legal effect of State commands regarding ERISA plans." 20 F.3d at 1042.

4. As above indicated, the Secretary of Labor and the State of California, through its Director of Industrial Relations and the Labor Commissioner, have filed amici curiae briefs. Both have urged that we hold that ERISA does not preempt Oklahoma workers' compensation law. Further, pursuant to Fed.R.App.P. 29, the State of Maine appears in the present case as amicus curiae and adopts the arguments and authorities set forth in the brief of the Department of Industrial Relations and the Labor Commissioner of the State of California.

5. In this Court the plaintiffs also argue that there is preemption under LMRA under the *Garmon* and *Machinists* preemption doctrines. So far as we can tell, this argument was not made to the district court, which did not discuss either in its order and judgment.

such circumstance, it cannot be raised for the first time on appeal.

As indicated, the defendants filed a motion to dismiss based on Fed.R.Civ.P. 12(b)(6), and the district court dismissed the complaint, with prejudice, on that basis, i.e. failure to state a claim. On appeal, counsel suggests that the district court converted the motion to dismiss to a motion for summary judgment without complying with Fed. R.Civ.P. 12(b), i.e. not giving plaintiffs "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." As indicated, the district court made no reference in its order to Rule 56, only to 12(b)(6).

In connection therewith, the plaintiffs' argument apparently is based on the fact that the district court in dismissing the complaint attached to its dismissal order a copy of a diagram which had been attached to defendants' brief in support of their motion to dismiss and showed the relationship between the several plaintiffs and the several defendants. It would appear to us that the diagram was merely illustrative of matter contained in the several complaints and, in any event, the basis for dismissal was not the diagram. In short, in our view, the district court did not convert the motion to dismiss into a motion for summary judgment.

In sum, the ultimate issue is whether federal law preempts the challenged provisions of the Oklahoma workers' compensation law. We agree that it does not.

Judgment affirmed.