**MARTCO PARTNERSHIP,**
Plaintiff–Appellant,

v.

**LINCOLN NATIONAL LIFE INSURANCE CO.; Dempty Manuel, Sr.,**
Defendants–Appellees,

and

**Employers Health Insurance Co., Defendant.**

No. 95–30084.

United States Court of Appeals, Fifth Circuit.

July 1, 1996.

Graham Newton Smith, Onebane, Dono-
hoe, Bernard, Torian, Diaz, McNamara and
Abell, Lafayette, LA, for plaintiff-appellant.

Kyle Liney Gideon, Davidson, Meaux, Son-
nier, McElligott and Swift, Lafayette, LA, for
Lincoln Nat. Life Ins. Co. and Employers
Health Ins. Co.

James P. Ryan, Chuck David Granger,
Morrow, Morrow, Ryan & Bassett, Opelou-
sas, LA, for Manuel.

Before POLITZ, Chief Judge, and
WISDOM and STEWART, Circuit Judges.

POLITZ, Chief Judge:

Martco Partnership appeals the district
court's determination that ERISA preempts
state law allowing a *pro rata* offset for pay-
ments made to a disabled employee by the
Social Security Administration and an
ERISA plan. For the reasons assigned, we
find no preemption and therefore vacate and
remand for further proceedings.

*Background*

Dempty Manuel, Sr., became permanently
disabled in June or July of 1990. At the time
of his injury Manuel was a salaried employee
earning $45,500 a year. The injury occurred
on the job and Manuel began to receive
workers' compensation payments from Mart-
co,[1] his employer, in the amount of $1,222.00
per month. In September of 1991 Manuel

---

1. Manuel's actual employer was Martin Home Center, a wholly-owned subsidiary of Martco. Martco assumed responsibility for compensation payments.

also began receiving social security disability benefits of $994.80 per month.

On February 24, 1992, Manuel applied for long term disability benefits from Lincoln National Life Insurance Company. The policy which Manuel invoked provided such coverage to Martco employees; 100% of the policy premiums had been funded by Martco. At the time of Manuel's injuries, the disability policy was issued by UNUM Life Insurance Company of America.[2] This policy provides that the disability payments are to equal 66⅔% of Manuel's "basic monthly earnings," less "other income benefits." The policy includes this definition of "other income benefits":

Other income benefits means those benefits as follows:

1. The amount for which the insured is eligible under:

   a. Workers' or Workmen's Compensation Law;

   b. occupational disease law; or

   c. any other act of law of like intent,

   *    *    *    *    *    *

5. The amount of disability or retirement benefits under the United States Social Security Act ... or any similar plan or act, as follows:

   a. disability plans for which:

      i. the insured is eligible; and

      ii. his spouse, child or children are eligible because of his disability....

Based upon this language, Lincoln began paying Manuel $311.10 per month, crediting

2. All parties agree that the language of this UNUM policy controls the calculation of the LTD benefits owed by Lincoln and that the policy falls within the confines of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*

3. To date, Martco has not reduced the benefits it is paying to Manuel.

4. This provision allows for a reduction of workers' compensation benefits by the same amount which the Social Security Administration can lower its payments to take into account workers' compensation benefits.

5. Although federal question jurisdiction seems to have been proper, *see Metropolitan Life Ins. Co.*

the $1,222.00 in workers' compensation payments and the $994.80 in social security payments towards its obligation to Manuel of $2,527.90 a month.

On October 4, 1993, Martco petitioned the Louisiana Office of Workers' Compensation to have its workers' compensation payments lowered.[3] This petition was based in part upon La.R.S. 23:1225(C)(1)(c), which provides in pertinent part:

**§ 1225. Reductions when other benefits payable**

*    *    *    *    *    *

C. (1) If an employee receives remuneration from:

*    *    *    *    *    *

(c) Benefits under disability benefit plans in the proportion funded by an employer ... then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this subsection shall not exceed sixty-six and two-thirds percent of his average weekly wage.

In addition to this offset, Martco also claimed a reduction under La.R.S. 23:1225(A) for the amount of Social Security disability payments Manuel was receiving.[4]

▮ Lincoln, served with notice of the state proceeding, removed the case to federal court asserting federal jurisdiction under ERISA.[5] Both parties filed cross motions

*v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), removal of this case may have been inconsistent with 28 U.S.C. § 1445(c), which prohibits the removal of worker's compensation cases from state court. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir.1995); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir.1991). *See, however, Cedillo v. Valcar Enterprises & Darling Delaware Co.*, 773 F.Supp. 932 (N.D.Tex.1991) (finding remand improper when basis of jurisdiction was federal question, with compensation claim entertained under supplemental jurisdiction, and not diversity). Martco did not move for a remand in the district court and the issue has not been raised on appeal; any challenge to removal jurisdiction is therefore waived. *Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783 (5th Cir.1993).

for summary judgment, each seeking an offset for the other party's obligation to Manuel. The district court granted Lincoln's motion, finding that Martco was obligated to pay the full amount of workers' compensation payments without a reduction for the amount of disability payments paid by Lincoln or the Social Security Administration. The trial court found that to the extent the offset provisions of the Louisiana workers' compensation scheme compete with the ERISA plan, state law is preempted, and Lincoln is free to apply an offset to its payments for the full, unreduced compensation payment owed by Martco plus social security payments. Martco timely appeals.

*Analysis*

We begin our analysis with a review of the ERISA plan established by the UNUM policy. We had occasion to consider the terms of this particular policy in *Nesom v. Brown and Root, U.S.A., Inc.*[6] *Nesom* involved a situation in which a state court had already determined the amount of the employer's compensation payments; the federal district court's role was merely to determine the disability payments owed under the policy to the plan beneficiary. Interpreting the language of the UNUM policy we held that "the state court judgment established Nesom's eligibility under workers' compensation law."[7] In other words, "the policy envisions that once the amount of workers' compensation is determined under state law, that amount will be setoff under the policy."[8]

**6.** 987 F.2d 1188 (5th Cir.1993).

**7.** *Id.* at 1193 (*internal quotation marks omitted*).

**8.** *Id.*

**9.** The *Nesom* court did, however, note the following:

> The [state offset provision] was applied only by the state court to calculate the workers' compensation benefits and was not applied by the district court in these proceedings to prohibit an offset by the disability carrier, as Nesom suggests. The state statute presents no preemption issue.

*Id.* at 1192–1193 n. 6. Insofar as this statement was made in response to an issue not raised below, it is not sound precedent for the proposi-

Although this interpretation defines the formula to be applied in determining payments under the UNUM policy involved in this case, it does not answer the key question presented, *i.e.* whether the offset provisions of La.R.S. 23:1225(A) and (C)(1)(c) are preempted because their application indirectly increases the expenses of the ERISA plan.[9] If the state offset provisions are preempted, then Martco may not claim those offsets and its principal, unreduced, compensation obligation accrues in Lincoln's favor under the UNUM policy. If not, then the amount of workers' compensation must be computed in accordance with state law, including La.R.S. 23:1225's offset provisions, with the resulting amount to be used in determining Lincoln's coordinate offset.

Section 514(a) of ERISA[10] provides that its provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." "The words 'relate to' are to be given their broad common-sense meaning and a state law will be preempted if it has a connection with or reference to such a plan."[11] However, "[p]reemption does not occur ... if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability."[12]

We find this case to be controlled by our decision in *Hook v. Morrison Milling Co.*,[13] involving, *inter alia*, a waiver of the employee plaintiff's right to bring a common law negligence claim against her employer. In

tion that "[t]he state statute presents no preemption issue" in *this* case. We do, however, consider the view of the state statute's scope and effect set out in *Nesom* to be instructive regarding the preemption issue we now face.

**10.** 29 U.S.C. § 1144(a).

**11.** *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218 (5th Cir.1992) (*internal quotation marks and citations omitted*), *cert. denied*, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992).

**12.** *New York Blue Cross v. Travelers* Ins., —— U.S. ——, ——, 115 S.Ct. 1671, 1680, 131 L.Ed.2d 695 (1995) (*internal quotation marks and citations omitted*).

**13.** 38 F.3d 776 (5th Cir.1994).

rejecting the employer's submission that the inclusion of this waiver provision in the ERISA plan created a relationship between the Texas negligence action and the ERISA plan sufficient to invoke Section 514(a) preemption, we stated:

> By focusing on the waiver, MMC turns ERISA preemption analysis on its head; it argues that Hook's cause of action is preempted because the waiver, as part of the plan, relates to Hook's claim. Instead, the appropriate question in any ERISA preemption case is whether the state law relates to an ERISA plan. 29 U.S.C. § 1144(a).... MMC's analysis would enable employers to avoid *any* state law simply by referring to that law in its ERISA plan. Congress clearly did not intend to vest employers with such authority.[14]

■ Applying the principles propounded in *Hook* to the instant case, we conclude that the offset provisions of La.R.S. 23:1225(A) and (C)(1)(c) do not "relate" to the ERISA plan within the meaning of Section 514(a). The offset provisions of the state statute do not modify or regulate the ERISA plan, addressing only the means by which the *employer's* obligation to Manuel is to be determined and not the amounts owed by Lincoln under the policy.[15] While we recognize that the language of the UNUM policy dictates that application of the state law offset provisions ultimately will determine the amount of the disability payments under the plan, "a law or claim is preempted when *it* relates to an ERISA plan, and not the reverse."[16]

Simply put, Lincoln cannot "don the mantle of ERISA preemption simply by including workers' compensation benefits in its [disability] benefits plan."[17]

■ We reach this decision based upon the position of the various parties before us and the equities thus brought into play.[18] It cannot be gainsaid that the interpretation of an integration-of-benefits or setoff provision in an ERISA plan is a matter of federal law.[19] As we recognized in *Nesom*, Congress has left the parameters of such setoff provisions "to the discretion of the plan designers."[20] In *Nesom* we concluded that the plan designers had incorporated into the UNUM policy references to otherwise unrelated provisions of state law. We see no reason, under the circumstances presented by this case, to second guess that interpretation, and thus reject Lincoln's attempt to amend *post hoc*, via the mechanism of ERISA preemption, the express terms of its plan.

Accordingly, we conclude that the district court committed reversible error by determining that the inclusion of a reference to state workers' compensation law in the UNUM policy necessitates preemption of that state law. Upon remand the district court should calculate, in accordance with our opinion in *Nesom*, Martco's state compensation obligation to Manuel before applying the offset provisions of the UNUM policy. We express no opinion regarding the application

---

**14.** *Id.* at 785 (*emphasis in original*). *Accord, Contract Services Employee Trust v. Davis,* 55 F.3d 533 (10th Cir.1995); *Combined Management, Inc. v. Superintendent of the Bureau of Insurance of the State of Maine,* 22 F.3d 1 (1st Cir.), *cert denied,* —— U.S. ——, 115 S.Ct. 350, 130 L.Ed.2d 306 (1994); *Employee Staffing Services v. Aubry,* 20 F.3d 1038 (9th Cir.1994).

**15.** *See Contract Services Network, Inc. v. Aubry,* 62 F.3d 294, 297 (9th Cir.1995) (ERISA does not preempt state statute when "[t]he State of California has not attempted to regulate or intrude upon the ... plan") (*citation omitted*).

**16.** *Hook, supra,* 38 F.3d at 785 (*emphasis in original*). *See also New York Blue Cross* (state law of general application which merely increas-

es costs of ERISA plan demonstrates insufficient nexus for preemption).

**17.** *Contract Services, supra,* 55 F.3d at 536, *quoting Combined Management, supra,* 22 F.3d at 5.

**18.** We take particular note of the fact that this case involves a determination only of the *source* of Manuel's disability payments and not their amount. We express no opinion regarding a situation where, under similar circumstances, a plan beneficiary faced an overall reduction of benefits. That remains for another day.

**19.** *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

**20.** 987 F.2d at 1193, *citing Alessi, supra* at 525, 101 S.Ct. at 1907.

of the offset provisions of La.R.S. 23:1225 to the facts of this case.

VACATED and REMANDED.